**KEYSTONE RV COMPANY, Appellant**

v.

**TEXAS DEPARTMENT OF MOTOR VEHICLES, Appellee**

NO. 03–15–00644–CV

Court of Appeals of Texas, Austin.

Filed: November 10, 2016

Rehearing Overruled December 13, 2016

Dennis M. McKinney, Assistant Attorney General Administrative Law Division, David D. Duncan, Texas Department of Motor Vehicles, Austin, TX, for appellee.

J. Woodfin Jones, Alexander, Dubose, Jefferson & Townsend, L.L.P., Austin, TX, Christopher J. Lowman, The Lowman Law Firm, Houston, TX, for appellant.

Before Justices Puryear, Pemberton, and Field

## OPINION

Bob Pemberton, Justice

This proceeding arises from an administrative "Lemon Law" complaint about a travel trailer manufactured and warrantied by Keystone RV Company. Keystone ultimately settled the complaint by agreeing to replace the vehicle with a newer model, in return for which the vehicle owner moved for and obtained agency dismissal of the complaint. But while resolving the original dispute between the owner and Keystone, the order of dismissal, signed by the Chief Hearings Examiner of the Texas Department of Motor Vehicles (Depart-

ment), has given rise to further litigation by purporting to impose regulatory obligations on Keystone that go beyond the settlement terms. Contending that the additional obligations exceed the Department's statutory authority, Keystone has filed a "direct appeal" petition with this Court under color of Section 2301.751(a) of the Occupations Code, which authorizes judicial review—in either Travis County district court or this Court—of final actions "of the [Department's] board" in matters arising under Occupations Code Chapter 2301.[1] The Department has moved to dismiss Keystone's direct appeal for want of jurisdiction, asserting that the current version of Section 2301.751(a) does not authorize judicial review of the order Keystone challenges. Instead, the Department urges, Keystone was relegated to seeking judicial review of the order under Section 2301.609 of the Occupations Code, an independent authorization for judicial review of final orders in Lemon Law proceedings that vests jurisdiction solely in Travis County district courts.[2]

This threshold jurisdictional question requires us to address—apparently as a matter of first impression—the effects of amendments made to Occupations Code Chapter 2301 by the Eighty-third (2013) Legislature that bear upon the scope of our direct-appeal jurisdiction under Section 2301.751(a). Having examined these amendments as they interact with other provisions of Chapter 2301, we conclude that their effect is to deprive us of jurisdiction we would previously have possessed to review the order challenged here under Section 2301.751(a). Accordingly, we must grant the Department's motion and dismiss Keystone's petition.

■■■ Our analytical starting point is that sovereign immunity generally deprives courts of subject-matter jurisdiction to review state-agency orders[3] and that it is the Legislature's sole prerogative to decide whether, to what extent, or with respect to which courts that immunity should be waived through a statutory right of judicial review.[4] We discern the Legisla-

1. *See* Tex. Occ. Code § 2301.751(a). An accompanying Section 2301.751(b) goes on to provide that "[e]xcept as otherwise provided by this chapter, an appeal brought in a district court may be removed to the court of appeals by any party before trial in the district court on the filing of notice of removal with the district court." *Id.* § 2301.751(b).

2. *See id.* § 2301.609(a) ("A party to a proceeding under this subchapter [M] that is affected by a final order related to the proceeding is entitled to judicial review of the order under the substantial evidence rule in a district court of Travis County.").

3. *See, e.g., Creedmoor–Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality,* 307 S.W.3d 505, 514–15 & n.6 (Tex. App.–Austin 2010, no pet.) (citing *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,* 145 S.W.3d 170, 198 (Tex. 2004); *Continental Cas. Ins. Co. v. Functional Restoration Assocs.,* 19 S.W.3d 393, 397 (Tex. 2000)); *see also Continental Cas. Ins. Co.,* 19 S.W.3d at

397 ("It is well recognized under Texas law that there is no right to judicial review of an administrative order unless a statute provides a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right." (citing *Stone v. Texas Liquor Control Bd.,* 417 S.W.2d 385, 385–86 (Tex. 1967)).

4. *See, e.g., Tooke v. City of Mexia,* 197 S.W.3d 325, 331 (Tex. 2006) (State cannot "be sued in her own courts without her consent, and then only in the manner indicated by that consent" (quoting *Hosner v. DeYoung,* 1 Tex. 764, 769 (1847))); *State v. Isbell,* 127 Tex. 399, 94 S.W.2d 423, 424 (Tex. 1936) (State may be sued "only in the manner, place, and court or courts designated" by Legislature); *Bacon v. Texas Historical Comm'n,* 411 S.W.3d 161, 173 (Tex. App.–Austin 2013, no pet.) ("[S]overeign immunity compels Texas courts to defer to the Legislature as the gatekeeper controlling when and how citizens can sue their state government or its officers for their official acts." (citing *Wichita Falls State*

ture's intent in a statute from the objective meaning of the words chosen,[5] read with precision[6] and viewed in the context in which they are used.[7] Additionally, in deference to the separation-of-powers concerns that underlie immunity doctrines in their modern incarnation, courts are to discern legislative intent to waive immuni-

ty only when "expressed in 'clear and unambiguous language' "[8] and accordingly must read statutory immunity waivers narrowly.[9] The meaning and scope of statutory immunity waivers, as with other statutes, are questions of law that we consider de novo,[10] as is also true more generally of ultimate jurisdictional questions.[11] To the

Hosp. v. Taylor, 106 S.W.3d 692, 695 (Tex. 2003))).

5. See, e.g., City of Houston v. Bates, 406 S.W.3d 539, 543 (Tex. 2013) ("We begin with the statute's text and the presumption that the Legislature intended what it enacted." (citing Fresh Coat, Inc. v. K–2, Inc., 318 S.W.3d 893, 901 (Tex. 2010))).

6. See, e.g., TGS–NOPEC Geophysical Co. v. Combs, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." (citing In re M.N., 262 S.W.3d 799, 802 (Tex. 2008))).

7. See, e.g., Ochsner v. Ochsner, No. 14–0638, —— S.W.3d ——, —— & nn.16 & 17, 2016 WL 3537255, at *3 & nn.16 & 17, 2016 Tex. LEXIS 569, at *10–11 & nn.16 & 17 (Tex. June 24, 2016) (" 'The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.' " (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 56 (2012)). "We look to the statutory scheme as a whole ... not to snippets taken in isolation." (citing Jaster v. Comet II Constr., Inc., 438 S.W.3d 556, 562 (Tex. 2014) ("While we must consider the specific statutory language at issue, we must do so while looking to the statute as a whole, rather than as isolated provisions."); Scalia & Garner, at 167 ("The text must be construed as a whole."))); see also In re Allen, 366 S.W.3d 696, 706 (Tex. 2012) (orig. proceeding) (noting presumption that Legislature chooses words of a statute "with complete knowledge of the existing law and with reference to it" (quoting Acker v. Texas Water Comm'n, 790 S.W.2d 299, 301 (Tex. 1990))). Such context informs, among other considerations, whether the Legislature intended words in their "plain" or "common" meaning, in a narrower or more technical connotation, or whether the facially "plain" meaning would yield the

rarity of "absurd results" the Legislature could not possibly have intended. See, e.g., City of Rockwall v. Hughes, 246 S.W.3d 621, 625–26 (Tex. 2008) ("We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired. Otherwise, we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." (citing Tex. Gov't Code § 311.011(b); Texas Dep't of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004); University of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 356 (Tex. 2004), superseded by statute on other grounds, Tex. Gov't Code § 311.034, as recognized in Prairie View A & M Univ. v. Chatha, 381 S.W.3d 500, 511 (Tex. 2012); Taylor v. Firemen's & Policemen's Civil Serv. Comm'n, 616 S.W.2d 187, 189 (Tex. 1981))).

8. See, e.g., Bacon, 411 S.W.3d at 173 (quoting Texas Nat. Res. Conservation Comm'n v. IT–Davy, 74 S.W.3d 849, 854 (Tex. 2002) (quoting Tex. Gov't Code § 311.034; University of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994))).

9. See Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex. 2008); see also Taylor, 106 S.W.3d at 697 ("[W]hen construing a statute that purportedly waives sovereign immunity, we generally resolve ambiguities by retaining immunity.").

10. See, e.g., State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006) (citing In re Forlenza, 140 S.W.3d 373, 376 (Tex. 2004)).

11. See, e.g., University of Houston v. Barth, 403 S.W.3d 851, 854 (Tex. 2013) (per curiam) (observing, with regard to sovereign immunity, that "[t]he issue is one of subject-matter jurisdiction, which we review de novo" (citing Texas Dep't of Parks & Wildlife v. Miranda,

extent underlying facts become relevant to the jurisdictional inquiry, it is the claimant's burden to present them through pleadings or evidence.[12]

To invoke our jurisdiction, as previously noted, Keystone relies on Occupations Code Section 2301.751(a), which in its current form provides:

> A party to a proceeding affected by a final order, rule, or decision or other final action of the board with respect to a matter arising under this chapter or Chapter 503, Transportation Code, may seek judicial review of the action under the substantial evidence rule in:
>
> (1) a district court in Travis County; or
>
> (2) the court of appeals for the Third Court of Appeals District.[13]

The Department does not contest, and there is little room for dispute, that Keystone is a "party" to a "proceeding" that is "affected" by an "order ... or decision or other ... action ... with respect to a matter arising under this chapter." At relevant times, the Texas Lemon Law has been codified within Subchapter M of "this chapter," Chapter 2301 of the Occupations Code.[14] Subchapter M in conjunction with Subchapter O of Chapter 2301, which more broadly governs "Hearing Procedures" in matters arising under Chapter 2301,[15] collectively prescribe administrative remedies—chiefly, compulsory vehicle replacement or refund[16]—and administrative proceedings before the Department that are the exclusive means for obtaining those remedies.[17] As the respondent to a Lemon Law complaint, Keystone was a "party" to a "proceeding" under Subchapter M,[18] and it now seeks to challenge an "order" or "action" that concluded the proceeding and was thereby "with respect to a matter arising under this chapter." And Keystone was plainly "affected" by (i.e., has a justiciable interest in challenging)[19]

133 S.W.3d 217, 226 (Tex. 2004)); *see also id.* (adding that "subject-matter jurisdiction is never presumed and cannot be waived" (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993)).

12. *See, e.g., Bacon*, 411 S.W.3d at 170–71 ("The plaintiff has the initial burden of alleging facts that would affirmatively demonstrate the trial court's jurisdiction to hear the cause. Mere unsupported legal conclusions do not suffice. ... We may also consider evidence that the parties have submitted and must do so when necessary to resolve the jurisdictional issues." (citing *Miranda*, 133 S.W.3d at 226; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Creedmoor–Maha Water Supply Corp.*, 307 S.W.3d at 515–16 & nn.7 & 8)).

13. Tex. Occ. Code § 2301.751(a).

14. *See generally id.* §§ 2301.601–.613.

15. *See generally id.* §§ 2301.701–.713.

16. *See id.* §§ 2301.602–.605; *see also Dutchmen Mfg., Inc. v. Texas Dep't of Transp.*, 383 S.W.3d 217, 223 (Tex. App.–Austin 2012, no pet.) (summarizing these key statutory features under prior iteration of version of Lemon Law administered by TxDOT Motor Vehicle Division).

17. *See* Tex. Occ. Code § 2301.607(a) ("A refund or replacement under this subchapter because a motor vehicle is alleged to not conform to an express warranty is not available to the owner of the vehicle unless the owner has exhausted the administrative remedies provided by this subchapter.").

18. *See Party, Black's Law Dictionary* (9th ed. 2009) ("One by or against whom a lawsuit is brought <a party to the lawsuit>"); *see also Zanchi v. Lane*, 408 S.W.3d 373, 377–80 (Tex. 2013) (construing "party" as used in Medical Liability Act's expert-report requirement as "one named in a lawsuit," relying in part on dictionary definitions and usage in Texas Rules of Civil Procedure).

19. *See Hooks v. Texas·Dep't of Water Res.*, 611 S.W.2d 417, 419 (Tex. 1981) ("The terms 'aggrieved' and 'affected' are synonymous and both relate to the requirement that a person show a 'justiciable interest.'" (citing *City of San Antonio v. Texas Water Comm'n*, 407 S.W.2d 752, 765 (Tex. 1966)).

the dismissal order to the extent the order requires it to make disclosures regarding the reacquired vehicle that would tend to impact resale value adversely.[20]

■ The more difficult issue, and the parties' principal point of divergence, concerns the administrative authority or actor who issued the dismissal order and the closely related question of whether that order qualifies as an administratively "final order." As Keystone acknowledges, Section 2301.751(a) at relevant times has conferred jurisdiction to review only a "final order, rule, or decision or other final action" that is *of the board*."[21] As used

---

**20.** The inclusion of these additional terms in the dismissal order was based on a Department rule, 43 Tex. Admin. Code § 215.210(4), that requires a manufacturer who reacquires a vehicle incident to voluntary settlement of a Lemon Law complaint to comply with the same disclosure (a/k/a "branding") requirements the Legislature has prescribed where a Lemon Law complaint proceeds to hearing, the complainant prevails, and reacquisition is ordered as a remedy. *Compare id. with* Tex. Occ. Code § 2301.610(a). Keystone's arguments on the merits, challenging the Department's authority to impose these requirements, thus implicate the validity of both the dismissal order and the underlying rule. Although a "rule" is included among the administrative "actions" that may be reviewed under Section 2301.751(a), *see* Tex. Occ. Code § 2301.751(a), Keystone has not explicitly raised its challenge to the underlying rule as an independent basis for jurisdiction here. To the extent its petition or arguments could be construed as doing so, that attempt would be untimely, as Keystone was required to file its petition under Section 2301.751(a) "not later than the 30th day after the date on which the action, ruling, order, or decision becomes final and appealable," *id.* § 2301.752(a), and the material components of 43 Tex. Admin. Code § 215.210(4) predate Keystone's petition by years. *See* 34 Tex. Reg. 8239, 8239, 8246, 8277 (2009), *adopted by* 35 Tex. Reg. 883, 883–84, 896 (2010) (codified as amended at 43 Tex. Admin. Code § 215.210) (Texas Dep't of Motor Vehicles, Compliance With Order Granting Relief); 37 Tex. Reg. 2054, 2054, 2056, 2061 (2012), *adopted by* 37 Tex. Reg. 4950, 4950, 4952, 4954 (2012) (codified as amendment to 43 Tex. Admin. Code § 215.210) (Texas Dep't of Motor Vehicles, Compliance With Order Granting Relief). Consequently, we have jurisdiction to reach Keystone's challenge to the underlying rule only to the extent we have jurisdiction to review the dismissal order applying the rule. *Cf. Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 123–24 (Tex. App.–Austin 2007, no pet.) (absence of judicial jurisdiction to review agency's action rendered moot challenge to underlying rule under Section 2001.038 of Administrative Procedure Act).

**21.** Within Section 2301.751(a), "of the board" appears immediately after "other final action," which is the concluding reference to four different varieties of administrative actions that are made subject to judicial review ("final order, rule, or decision or other final action of the board ...."). In a very recent decision, the Texas Supreme Court gave controlling effect to the "last-antecedent" canon of statutory construction (" 'a qualifying phrase in a statute or the Constitution must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied' ") to the exclusion of the "series-qualifier" canon (" 'When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.' "). *Sullivan v. Abraham*, 488 S.W.3d 294, 297–99 (Tex. 2016) (quoting *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000); Scalia & Garner, *supra* note 7, at 147). Were we to similarly give controlling effect to the last-antecedent canon here, "of the board" as used in Section 2301.751(a) would modify only the concluding reference to "other final action" and not the preceding "final order," "rule," or "decision" in the series, giving Section 2301.751(a) a broader scope than Keystone assumes. But doing so, however, would also imply that the modifier following "of the board"—"a final order, rule, or decision or other final action of the board *with respect to a matter arising under this chapter* ..."— likewise modifies only the reference to "other final action of the board" that immediately precedes it. Under this reading, Section 2301.751(a) would be an expansive if not universal authorization for judicial review—including direct review in this Court—for any

within Occupations Code Chapter 2301, "the board" refers to the nine-member governing board of the Department.[22] "[T]he board" is also the primary recipient of the Legislature's specific delegations of power made throughout Chapter 2301, including "exclusive original jurisdiction to regulate those aspects of the distribution, sale, or lease of motor vehicles that are governed by this chapter";[23] rulemaking power;[24] and "general powers" that extend to initiating and conducting "proceedings, investigations, or hearings"; obtaining and hearing evidence; and performing adjudicative fact-finding and law-applying functions.[25]

■ The dismissal order Keystone seeks to challenge was not "of the board" in the sense of being signed by the board directly or under its name explicitly. Instead, the order was signed by Edward Sandoval, as "Chief Hearings Examiner, Office of Administrative Hearings, Texas Department of Motor Vehicles." The par-

ties generally agree that Sandoval had authority to sign this order by virtue of authority delegated by or under other provisions of Chapter 2301. But the parties have markedly different views as to the specific statutory source or underpinning of that delegated power, and this divergence gives rise to correspondingly competing positions as to whether the dismissal order signed by Sandoval qualifies as a "final order, .. decision, or other final action *of the board*," so as to be subject to judicial review under Section 2301.751(a).[26] This is the point in the analysis where the 2013 amendments to Chapter 2301 become significant.

Before the 2013 amendments, Subchapter M of Chapter 2301 had included a Section 2301.606(a) that vested authority in the director of the Motor Vehicle Division of the Texas Department of Transportation (the Department's predecessor) to issue final orders in Lemon Law proceedings.[27] And importantly, Section

---

"party to a proceeding" who is "affected by a final order," "rule," or "decision," regardless of source or subject matter. Considering Section 2301.751(a)'s context within Chapter 2301 and that statutory immunity waivers must be "clear and unambiguous," we conclude that the Legislature intended instead that "of the board" and "with respect to a matter arising under this chapter" both modify each item in the preceding series—i.e., to mean "a final order ... of the board with respect to a matter arising under this chapter," a "rule ... of the board with respect to a matter arising under this chapter," a "decision ... of the board with respect to a matter arising under this chapter," or "other final action of the board with respect to a matter arising under this chapter"—consistent with the series-qualifier canon. *See also Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011) (declining to interpret statute in manner that would lead to absurd results).

**22.** *See* Tex. Occ. Code §§ 2301.002(2) (definitions applicable to Chapter 2301) (" 'Board' has the meaning assigned by Section 2301.005."), 2301.005(a) ("A reference in law,

including a rule, to the Texas Motor Vehicle Commission or to the board means the board of the Texas Department of Motor Vehicles."); *see also* Tex. Transp. Code § 1001.021 (creating Department's nine-member governing board and prescribing its composition).

**23.** *See* Tex. Occ. Code § 2301.151(a).

**24.** *See id.* § 2301.155.

**25.** *See id.* § 2301.153(a).

**26.** Sandoval, in his capacity as Chief Hearings Examiner, also overruled a motion for rehearing filed by Keystone. Neither party disputes that Sandoval had authority to do so, though their positions regarding final-order authority would imply correspondingly varying rationales as to the source of that authority.

**27.** Act of May 22, 2001, 77th Leg., R.S., ch. 1421, § 5, sec. 2301.606, 2001 Tex. Gen. Laws 4570, 4960 ("The director under board rules shall conduct hearings and issue final

2301.606(a) had also specified that "[a]n order issued by the director under this subchapter" (i.e., in Lemon Law proceedings) "is considered a *final order of the board*"[28]—phraseology corresponding to the judicial-review authorization in Section 2301.751(a). Furthermore, the pre-amendment version of Section 2301.751(a) had itself permitted review not only of final orders or actions "of the board" under Chapter 2301, as it does now, but also final orders or actions "of the . . . director"[29]—language that would include final orders in Lemon Law proceedings by virtue of Section 2301.606(a). Accordingly, before the 2013 amendments, this Court did not question that it had jurisdiction to decide direct appeals of final orders in Lemon Law proceedings brought under Section 2301.751(a).[30] And consistent with this view, the agency had promulgated a rule recognizing that a party aggrieved by a final order in a Lemon Law proceeding could seek judicial review in either Travis County district court or this Court.[31]

Keystone points out, this rule has remained in effect through the present day—thereby implicitly contradicting the Department's current jurisdictional challenge—although the Department has asked us to take judicial notice of recently proposed amendments that would eliminate the rule's reference to direct review by this Court. *See* 41 Tex. Reg. 7054, 7056–57 (2016) (to be codified at 43 Tex. Admin. Code § 215.207(f) (proposed Aug. 26, 2016) (Texas Dep't of Motor Vehicles, Contested Cases: Final Orders). Regardless of *this rule's state or version, it has no direct* bearing on the scope of our jurisdiction under Section 2301.751(a). *See, e.g., Bacon*, 411 S.W.3d at 173 (emphasizing that Legislature is "gatekeeper" controlling when and how sovereign immunity is waived). Keystone suggests, however, that we should defer to the existing Rule 215.207(b)(8) as a reasonable construction that is not inconsistent with current Chapter 2301, which it characterizes as "ambiguous" as to whether a Lemon Law final order can be reviewed under Section 2301.751(a) versus Section 2301.609, Subchapter M's internal judicial-review provision. *See, e.g., TGS–NOPEC*, 340 S.W.3d at 438 ("If there is vagueness, ambiguity, or room for policy determinations in a statute or regulation . . . we normally defer to the agency's interpretation unless it is plainly erroneous or inconsistent with the language of the statute, regulation, or rule."). Leaving aside whether this is an accurate perception of Rule 215.207(b)(8)'s origins and purposes, we question whether such deference is permitted or appropriate when addressing the scope and meaning of immunity waivers, as the governing principles there require us instead to insist on "clear and unambiguous" expressions of intent to waive immunity and a corre-

orders for the implementation and enforcement of this subchapter."), *repealed by* Act of May 26, 2013, 83d Leg., R.S., ch. 1135, § 140(1), 2013 Tex. Gen. Laws 2705, 2736, *and by* Act of May 24, 2013, 83d Leg., R.S, ch. 1379, § 12, 2013 Tex. Gen. Laws 3666, 3668.

**28.** *Id.* (emphasis added).

**29.** *Id.* § 5, sec. 2301.751(a), 2001 Tex. Gen. Laws at 4965, *amended by* Act of May 26, 2013, 83d Leg., R.S., ch. 1135, § 31, sec. 2301.751(a), 2013 Tex. Gen. Laws 2705, 2711 (codified as amended at Tex. Occ. Code § 2301.751(a)).

**30.** *See Winnebago Indus. v. Texas Dep't of Motor Vehicles*, No. 03–12–00760–CV, 2014 WL 1432041, at *1–6, 2014 Tex. App. LEXIS 3836, at *1–15 (Tex. App.–Austin Apr. 10, 2014, no pet.) (mem. op.) (reviewing direct appeal of 2012 Lemon Law final order under Section 2301.751(a); neither the parties nor this Court questioned jurisdiction).

**31.** *See* 34 Tex. Reg. 8239, 8239, 8246, 8275 (2009), *adopted by* 35 Tex. Reg. 883, 883–84, 896 (2010) (previously codified at 43 Tex. Admin. Code § 215.207), *repealed by* 37 Tex. Reg. 2054, 2054 (2012), and *repeal adopted by* 37 Tex. Reg. 4950, 4950 (2012); 37 Tex. Reg. 2054, 2054, 2055, 2058–59 (2012), *adopted by* 37 Tex. Reg. 4950, 4950, 4951–52 (2012) (following repeal, re-codified at 43 Tex. Admin. Code § 215.207 (Texas Dep't of Motor Vehicles, Contested Cases: Final Orders); 38 Tex. Reg. 9215, 9215, 9217, 9227–28 (2013), *adopted by* 39 Tex. Reg. 1728, 1728, 1730 (2014) (codified as amendment to 43 Tex. Admin. Code § 215.207 (Texas Dep't of Motor Vehicles, Contested Cases: Final Orders). As

The Eighty-third Legislature significantly altered this regime through two overlapping but somewhat divergent enactments. Through H.B. 1692,[32] which took effect on January 1, 2014, and was made applicable to "a complaint filed or a proceeding commenced on or after [that] date"[33] (and thus would apply to the complaint against Keystone here), Section 2301.606(a) was repealed[34] and Subchapter O (Chapter 2301's "Hearing Procedures" subchapter) was amended to include new provisions addressing Lemon Law proceedings.[35] Both before and after the 2013 amendments, Subchapter O has generally specified that hearings must be conducted by an Administrative Law Judge (ALJ) of the State Office of Administrative Hearings (SOAH), who has been vested with "all the board's power and authority" under Chapter 2301 "to conduct hearings," including holding the hearing, receiving pleadings and evidence, compelling appearance of witnesses and production of evidence, making findings of fact and conclusions of law, and issuing a proposal for decision.[36] The ALJ's proposal for decision, in turn, is to be presented to "[t]he board"

or its delegate (more on this momentarily), who "shall take any further actions conducive to the issuance of a final order and shall issue a written final decision or order."[37] The former Section 2301.606(a) thus represented a departure from Subchapter O to the extent it vested final-order authority with the director. In H.B. 1692, the Legislature essentially replaced the former Section 2301.606(a) it repealed by amending a provision within Subchapter O—Section 2301.704—to create a distinct procedure applicable to both Lemon Law proceedings and proceedings under Section 2301.204, a provision addressing certain other warranty-related complaints.[38]

As amended, Section 2301.704 requires that "[a] hearing under Section 2301.204 or Subchapter M [i.e., Lemon Law proceedings] must be held by a hearings examiner," who is vested with the same powers to conduct hearings as with ALJs.[39] And amended Section 2301.704 also delegated the following authority to hearings examiners to issue final orders:

> In a contested case hearing under Section 2301.204 or Subchapter M, a hearings examiner shall issue a final order.[40]

---

spondingly narrow view of the language used. *See, e.g., Taylor,* 106 S.W.3d at 697; *Bacon,* 411 S.W.3d at 173 (quoting *IT–Davy,* 74 S.W.3d at 854 (quoting Tex. Gov't Code § 311.034; *York,* 871 S.W.2d at 177)). In any event, as we will elaborate below, we ultimately conclude that the current Section 2301.751(a) and related provisions of Chapter 2301 unambiguously do not confer jurisdiction to us here.

**32.** Act of May 24, 2013, 83d Leg., R.S, ch. 1379, 2013 Tex. Gen. Laws 3666.

**33.** *Id.* §§ 13, 15, 2013 Tex. Gen. Laws at 3668.

**34.** *Id.* § 12, 2013 Tex. Gen. Laws at 3668.

**35.** *Id.* § 9, sec. 2301.704, 2013 Tex. Gen. Laws at 3667–68.

**36.** *See* Tex. Occ. Code § 2301.704.

**37.** *See id.* § 2301.709.

**38.** *See id.* § 2301.204.

**39.** Act of May 24, 2013, § 9, sec. 2301.704(a–1), (b), 2013 Tex. Gen. Laws at 3667–68 (codified as amended at Tex. Occ. Code § 2301.704(a–1), (b)).

**40.** *Id.* § 9, sec. 2301.704, 2013 Tex. Gen. Laws at 3668 (codified as amended at Tex. Occ. Code § 2301.704(c)). "Contested case" for purposes of Subchapter O "has the meaning assigned by Section 2001.003, Government Code," Tex. Occ. Code § 2301.701, i.e., the Administrative Procedure Act definition of "a proceeding ... in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity

Elsewhere in Chapter 2301, H.B. 1692 added a definition of "[h]earings examiner"—"a person employed by the department to preside over hearings under this chapter"[41] —as well as an authorization for the Department to "employ a chief hearings examiner and one or more additional hearings examiners," who must be "licensed to practice law in this state."[42]

But nowhere in the H.B. 1692 amendments, or elsewhere in current Chapter 2301, are the final orders and other actions of hearings examiners now authorized under amended Section 2301.704 termed as being "of the board." Consequently, the current Chapter 2301 leaves a textual disconnect between Lemon Law orders under amended Section 2301.704 and the judicial-review authorization in Section 2301.751(a) that did not exist in the prior version.

Of further note regarding H.B. 1692 is that the enactment also made conforming changes within Subchapter M to eliminate preexisting references to "the director" as having hearing or final-order authority, replacing them with language that did not identify a specific actor.[43] Additionally, the Department has purported to implement H.B. 1692's changes through a rule, 43 Tex. Admin. Code § 215.55(b), which provides that "[t]he hearings examiner has

final order authority in a contested case under Occupations Code, § 2301.204 or §§ 2301.601–2301.613 [i.e., Subchapter M], filed on or after January 1, 2014."[44]

The second set of notable amendments made by the Eighty-third Legislature came through H.B. 2741,[45] whose material provisions took effect on September 1, 2013.[46] H.B. 2741, like H.B. 1692, repealed the former Section 2301.606(a)[47] but also went further to eliminate Section 2301.751(a)'s former reference to "the director," thereby yielding the current restriction to final orders, decisions, or actions solely "of the board."[48] Yet at the same time, significantly, H.B. 2741 also made amendments that created a textual correspondence, similar to that provided by former Section 2301.606(a), between Section 2301.751(a) and a preexisting provision of Chapter 2301, Section 2301.154, that authorizes the board to delegate certain of its powers relating to investigations and adjudicative proceedings.[49] Under Subsection (b) of Section 2301.154, the board has been authorized "by rule [to] delegate any power relating to a contested case hearing brought under this chapter . . . other than the power to issue a final order" to "one or more of the board's

for adjudicative hearing." Tex. Gov't Code § 2001.003(1).

41. Act of May 24, 2013, § 1, sec. 2301.002(17–a), 2013 Tex. Gen. Laws at 3666 (codified as amended at Tex. Occ. Code § 2301.002(17–a)).

42. Id. § 2, sec. 2301.104, 2013 Tex. Gen. Laws at 3666 (codified as amended at Tex. Occ. Code § 2301.104).

43. Id. § 3 (amending Section 2301.606(b) and (c)), § 4 (amending Section 2301.607(c)), § 5 (amending Section 2301.608), § 6 (amending Section 2301.609(a)), 2013 Tex. Gen. Laws at 3666–67.

44. 43 Tex. Admin. Code § 215.55.

45. Act of May 26, 2013, 83d Leg., R.S., ch. 1135, 2013 Tex. Gen. Laws 2705.

46. See id. § 144, 2013 Tex. Gen. Laws at 2737.

47. See id. § 140(1), 2013 Tex. Gen. Laws at 2736.

48. Id. § 31, sec. 2301.751(a), 2013 Tex. Gen. Laws at 2711 (codified as amended at Tex. Occ. Code § 2301.751(a)).

49. See Tex. Occ. Code § 2301.154. Authorizations identical to Subsections (b), (c), and (d) of Section 2301.154 are also found in the Department's organic statute. See Tex. Transp. Code § 1003.005.

members," "the executive director" of the Department (the agency's chief executive officer),[50] "the director" (defined in Chapter 2301 as the director of the Department's "division that regulates the distribution and sale of motor vehicles"),[51] or "one or more of the department's [other] employees." [52] Additionally, and more critically here, Subsection (c) of Section 2301.154 has authorized "[t]he board by rule [to] delegate the authority to issue a final order in a contested case hearing brought under this chapter" to:

(1) one or more of the board's members;

(2) the executive director; or

(3) the director of a division within the department designated by the board or the executive director to carry out the requirements of this chapter.[53]

To this preexisting framework, H.B. 2741 added a new Subsection (e) to Section 2301.154, which specifies that acts made pursuant to delegations under Subsections (b) or (c) are deemed to be "of the board," similar to former Section 2301.606(a):

An action taken by a person to whom a power or other authority is delegated under Subsection (b) or (c) ... is considered an action of the board and may not be appealed to the board.[54]

Other material effects of H.B. 2741 included amending multiple provisions within Subsection O that had referred to "the board" as the actor who generally has final-order authority. As amended, these references explicitly include not only "the board," but also "a person" or "other person" who has been "delegated final order authority" or "power from the board" "under Section 2031.154"[55] (and whose orders, by virtue of the new Subsection (e) of Section 2301.154, would also be deemed final orders "of the board"). And in a mixed signal of the Legislature's intent, H.B. 2741 inserted similar language referring to "the board or a person delegated power from the board under Section 2301.154" throughout Subchapter M to replace the prior references to "the director" as the actor having final-order authority in Lemon Law proceedings.[56] These amendments by H.B. 2741 overlapped the amendments also made to Subchapter M by H.B. 1692, resulting in competing versions of several provisions, with the H.B. 1692 ver-

50. *See* Tex. Occ. Code § 2301.002(13) (" 'Executive director' means the executive director of the department"); Tex. Transp. Code § 1001.0411 (requiring board to appoint executive director, who "shall perform all duties assigned by the board").

51. *See* Tex. Occ. Code § 2301.002(10), (12). As will be discussed below, this and other references to Department "divisions" within Section 2301.154 correspond to a statutory duty on the part of the executive director to "organize the department into divisions to accomplish the department's functions and the duties assigned to the department." Tex. Transp. Code § 1001.004.

52. Tex. Occ. Code § 2301.154(b). Subsection (a) of Section 2301.154 also confers authority on "the director" to "delegate any of the director's powers to one or more of the division's employees." *Id.* § 2301.154(a).

53. *Id.* § 2301.154(c).

54. Act of May 26, 2013, § 7, sec. 2301.154, 2013 Tex. Gen. Laws at 2707 (codified at Tex. Occ. Code § 2301.154(e)). The Legislature did not make a similar change to the parallel provisions in Chapter 1003 of the Transportation Code. *Cf.* Tex. Transp. Code § 1003.005.

55. Act of May 26, 2013, § 26 (amending Tex. Occ. Code § 2301.709), § 27 (amending Tex. Occ. Code § 2301.710), § 28 (amending Tex. Occ. Code § 2301.711), § 29 (amending Tex. Occ. Code § 2301.712(b)), 2013 Tex. Gen. Laws at 2710–11.

56. *Id.* § 19 (amending Tex. Occ. Code § 2301.606(b) & (c)), § 20 (amending Tex. Occ. Code § 2301.607(c)), § 21 (amending Tex. Occ. Code § 2301.608), 2013 Tex. Gen. Laws at 2709.

sions being devoid of references identifying the specific actor issuing the final order in Lemon Law proceedings, while the H.B. 2741 counterparts specifically contemplate that the actor issuing the final order authority in Lemon Law proceedings is "the board or a person delegated power from the board under Section 2301.154."[57]

The parties emphasize opposing sides of this dichotomy in their arguments concerning Sandoval's authority and whether his dismissal order was a final order "of the board" as required for review under Section 2301.751(a). The Department maintains that Sandoval signed the dismissal order pursuant to the delegation of final-order authority to hearings examiners made through Section 2301.704 as amended by H.B. 1692.[58] Because final orders made by a hearings examiner under amended Section 2301.704 are nowhere deemed orders "of the board," Sandoval's order, the Department deduces, is not subject to review under Section 2301.751(a). Keystone disputes that Sandoval's order was made, or could have been made, under the final-order authority delegated to hearings examiners through amended Section 2301.704. In support, it emphasizes the precise text of amended Section 2301.704

that delegates final-order authority—"*In a contested case hearing* under Section 2301.204 or Subchapter M, a hearings examiner shall issue a final order"[59]—and points out that the Lemon Law complaint in this case was settled and dismissed before any hearing was actually held. Consequently, Keystone reasons, Sandoval's authority to sign the dismissal order must lie in some other statutory source.

In Keystone's view, Sandoval had been delegated final-order authority under Section 2301.154, the provision empowering "the board by rule [to] delegate the authority to issue a final order in a contested case hearing brought under this chapter" to one or more board members, the Department's executive director, or "the director of a division within the department designated by the board or the executive director to carry out the requirements of this chapter."[60] Sandoval fits within the last category, Keystone insists. Further, Keystone maintains that Sandoval was authorized to issue the dismissal order and did so under Occupations Code Section 2301.710, which as amended by H.B. 2741 provides:

> On the motion of any party, *the board or other person delegated final order authority under Section 2301.154*, without

---

**57.** *Compare* Act of May 24, 2013, § 3 (amending Section 2301.606(c) ("An order issued under this subchapter …")), § 4 (amending Section 2301.607(c) ("If a final order is not issued …")), § 5 (amending Section 2301.608(a) ("An order issued under this subchapter … ")), 2013 Tex. Gen. Laws at 3666–67, *with* Act of May 26, 2013, § 19 (amending Tex. Occ. Code § 2301.606(c) ("The board or a person delegated power from the board under Section 2301.154 …")), § 20 (amending Tex. Occ. Code § 2301.607(c) ("The board or a person delegated power from the board under Section 2301.154 …")), § 21 (amending Tex. Occ. Code § 2301.608(a), (b) ("[T]he board or a person delegated power from the board under Section 2301.154 …")), 2013 Tex. Gen. Laws at 2709.

**58.** Under this view, it would follow that Sandoval had authority as Chief Hearings Examiner to decide Keystone's motion for rehearing, by virtue of an additional amendment made to Subchapter O by H.B. 1692. Act of May 24, 2013, § 10 (codified at Tex. Occ. Code § 2301.713(c) ("A motion for rehearing in a contested case under Section 2301.204 or Subchapter M must be filed with and decided by the chief hearings examiner.")).

**59.** Tex. Occ. Code § 2301.704(c) (emphasis added).

**60.** *Id.* § 2301.154(c).

holding a contested case hearing, may issue a final order dismissing a complaint, protest, or response in accordance with the terms and procedures set forth in the Texas Rules of Civil Procedure.[61]

And because the dismissal order was "an action taken by a person to whom a power or other authority is delegated under Subsection (b) or (c)" of Section 2301.154, Keystone concludes that Section 2301.154(e) deems the order to be "of the board" and thus subject to review under Section 2301.751(a).[62] Alternatively, Keystone suggests, if Sandoval was not acting within a delegation of authority under Section 2301.154(c), it would follow that the dismissal order is neither final nor valid.

Discerning whether Sandoval's order is founded on the final-order authority delegated hearings examiners under amended Section 2301.704, as the Department urges, or was instead made pursuant to a delegation under Section 2301.154(c), as Keystone insists, or both or neither, is made more challenging still by the inconsistencies that remain within Chapter 2301 following the 2013 amendments. As Subchapter M currently stands, it contains several provisions, originating in H.B. 2741, which contemplate that "the board or a person delegated power from the board under Section 2301.154" has final-order authority in Lemon Law proceedings.[63] Yet the amendments made by H.B. 1692 mandate that hearings examiners issue the final orders in Lemon Law proceedings. The two would be consistent only to the extent a hearings examiner would also be "a person delegated power from the board under Section 2301.154." And if these overlapping amendments are deemed to be irreconcilable, the amendments originating in H.B. 2741 would prevail over those from H.B. 1692, as H.B. 2741 was the later in date of enactment.[64]

---

61. *Id.* § 2301.710 (emphasis added).

62. We note that Section 2301.154(c)'s delegation of authority to issue a final order *"in a contested case hearing"* is parallel to the phrasing in amended Section 2301.704 that Keystone views as excluding authority to dismiss a complaint prior to the actual hearing. *See id.* § 2301.704(c) (emphasis added). Consequently, Keystone's construction of amended Section 2301.704 would imply that a delegation of final-order authority under Section 2301.154(c) does not extend to pre-hearing dispositions, and therefore would not alone authorize Sandoval to issue the dismissal order. Keystone could conceivably bridge such a gap by viewing Section 2301.710 as providing Sandoval, as a Section 2301.154(c) delegate of final-order authority in "a contested case hearing," an additional delegation of authority to make pre-hearing dispositions. But if this is the relationship between Section 2301.154(c) and Section 2301.710, it would not be immediately clear that an order under Section 2301.710 would come within the all-important Section 2301.154(e), which deems an action to be "of the board" only if it is "taken by a person to whom a power or other authority is delegated *under Subsection (b) or (c)." See id.* § 2301.154(e) (emphasis added). (Subsection (b), again, authorizes delegations of "any power relating to a contested case hearing brought under this chapter … *other than the power to issue a final order." See id.* § 2301.154(b) (emphasis added)). Precisely how Keystone reconciles these internal tensions in its jurisdictional arguments remains unclear, but that issue is ultimately not dispositive.

63. *See id.* §§ 2301.606(c), 607(c), 608(a)–(c), 709(a)–(c), 712(b).

64. *See* Tex. Gov't Code § 311.025(a), (b). The date of enactment "is the date on which the last legislative vote is taken on the bill enacting the statute." *Id.* § 311.025(d). The date of enactment of HB 1692 was May 24, 2013, the date on which the House of Representatives (which had passed the bill on May 2) concurred in amendments that had been made by the Senate when passing it on May 22. *See* Act of May 24, 2013, 2013 Tex. Gen. Laws at 3668. The date of enactment of H.B. 2741 was May 26, 2013, the date on which both the House and the Senate adopted a conference-

But we can at least conclude that we have jurisdiction under Section 2301.751(a) to reach these questions only if Sandoval's order is a final order "of the board." And that can be so only if Sandoval's order was made pursuant to a delegation of "authority to issue a final order in a contested case hearing brought under this chapter" under Section 2301.154(c), so as to be deemed an order "of the board" under Section 2301.154(e). As Keystone seems to acknowledge, the Legislature, contrary to its approach in former Section 2301.606(a), has not seen fit to deem final orders issued by Lemon Law hearings examiners under color of amended Section 2301.704 alone to be "of the board" or to otherwise provide for their review through Section 2301.751(a).

From the text of Section 2301.154(c), we can discern that a delegation made under that provision is distinguished by two basic requirements or features. First, there must exist a board rule that "delegate[s] the authority to issue a final order in a contested case hearing brought under this chapter."[65] Second, the rule must make that delegation to one of three enumerated classes of persons, only one of which is potentially applicable to Sandoval: *"the director of a division within the department designated by the board or the executive director to carry out the requirements of*

*the chapter."*[66] To demonstrate that these requirements were met, Keystone primarily emphasizes 43 Tex. Admin. Code § 215.58, which as applicable here states:

(a) Pursuant to Occupations Code, § 2301.154(c) ... the director of the department division that regulates the distribution and sale of motor vehicles is authorized to issue final orders in cases without a decision on the merits resolved in the following ways:

(1) by settlement;

(2) by agreed order;

(3) by withdrawal of the complaint;

(4) by withdrawal of a protest;

(5) by dismissal for want of prosecution;

(6) by dismissal for want of jurisdiction;

(7) by default judgment; or

(8) when a party waives opportunity for a hearing.[67]

Rule 215.58(a) is thus an explicit exercise of the board's power under Occupations Code Section 2301.154(c) to "by rule ... delegate [its] authority to issue a final order in a contested case hearing brought under this chapter," albeit only to the extent of issuing final orders effecting the enumerated categories of non-merits dis-

---

committee report on the bill. *See* Act of May 26, 2013, 2013 Tex. Gen. Laws at 2737.

**65.** Tex. Occ. Code § 2301.154(c).

**66.** *Id.* § 2301.154(c)(3) (emphasis added).

**67.** 43 Tex. Admin. Code § 215.58(a). A Subsection (b) to Rule 215.58, made applicable to "cases, under Occupations Code, § 2301.204 or [Subchapter M], filed prior to January 1, 2014," similarly delegates more general final-order authority to "the director of the department division that regulates the distribution and sale of motor vehicles." *Id.* § 215.58(b).

Cases covered by Subsection (b) are in turn excluded from the coverage of Subsection (a). *Id.* § 215.58(a) (made applicable "except as provided in subsection (b) of this section").

If, as Keystone contends, Sandoval had been delegated final-order authority under Rule 215.58(a), Subsection (c) of Rule 215.58 would also have conferred on him authority to decide any motion for rehearing of his order. *See id.* § 215.58(c) ("In contested cases where the board has delegated final order authority under subsection (a) or (b) of this section, motions for rehearing shall be filed with and decided by the final order authority delegate.").

positions.[68] And the delegation specified in Rule 215.58(a) is similarly more restrictive than Section 2301.154(c)'s underlying statutory authorization—while the statute permits a delegation to "a director" of "a division within the department" that has been "designated by the board or the executive director to carry out the requirements of this chapter," the rule delegates only to "the director of the department division that regulates the distribution and sale of motor vehicles."

Without question, Sandoval's order effected resolution of a case "by settlement" and arguably also "by withdrawal of the complaint," as the complainant had moved both for dismissal and withdrawal of his complaint pursuant to his settlement with Keystone. But for Sandoval to have possessed final-order authority under Rule 215.58(a), he must also have had the status required of the delegate under that rule: (1) "the director" (2) "of the department division" (3) "that regulates the distribution and sale of motor vehicles." To demonstrate this status, Keystone relies solely on Sandoval's title and capacity as reflected in his signed order—"Chief Hearings Examiner, Office of Administrative Hearings, Texas Department of Motor Vehicles"—and does not plead or present any

further evidence of a factual basis for that assertion.

A Department "division" is created by the executive director pursuant to a statutory duty to "organize the department into divisions to accomplish the department's functions and the duties assigned to the department."[69] Keystone argues that the Department's Office of Administrative Hearings is such a "division" and that Sandoval, as the Chief Hearings Examiner, should likewise be considered that "division's" "director." Assuming without deciding that we should draw these inferences from this record,[70] Rule 215.58(a) would still require that the Office of Administrative Hearings must also be "the department division that *regulates the distribution and sale of motor vehicles*." As explained in the board's order promulgating Rule 215.58, its usage of "the department division that regulates the distribution and sale of motor vehicles" denoted "the department's Motor Vehicle Division," but phrased in terms of function rather than title so as to "allow[ ] the board or the Executive Director the flexibility to change the division's name." [71] There is no contention or proof that the Department's Office of Administrative Hearings is somehow the (or even a) renamed successor to its Motor Vehicle Division.[72] Consequently, we cannot conclude

---

**68.** Which would create some additional tension with Keystone's construction of "contested case hearing." See *supra* note 62.

**69.** Tex. Transp. Code § 1001.004.

**70.** As an aside, an organizational chart posted on the Department's public website depicts the Office of Administrative Hearings, headed by Sandoval, as one of approximately 15 boxes (the term "division" is not used) that is immediately subordinate to either the Department's Executive Director or its Deputy Executive Director. See Texas Dep't of Motor Vehicles Org. Chart, http://www.txdmv.gov/about-us (last visited Oct. 20, 2016). Other indicated boxes include "Civil Rights Office," "Govern-

ment [and] Strategic Communications," "Enforcement," "Motor Carrier," and "Motor Vehicle." See *id.*

**71.** 38 Tex. Reg. 6565, 6565–66 (2013), *adopted by* 39 Tex. Reg. 501, 501 (2014) (codified at 43 Tex. Admin. Code § 215.58 (Texas Dep't of Motor Vehicles, Delegation of Final Order Authority)).

**72.** Again as an aside, the Department organizational chart reflects "Motor Vehicle" in a separate box from "Office of Administrative Hearings." Further exploration of the website leads to a biography of Daniel Avitia, who "serves as the Director of the Motor Vehicle Division." See *Daniel Avitia Biography*, http://

that the board delegated final-order authority to Sandoval through Rule 215.58(a).

Alternatively, Keystone relies on 43 Tex. Admin. Code § 215.55. Rule 215.55, as previously noted, provides that "[t]he hearings examiner has final order authority in a contested case under Occupations Code, § 2301.204 or [Subchapter M], filed on or after January 1, 2014."[73] Rule 215.55 served to implement the H.B. 1692 amendments to Section 2301.704 conferring final-order authority on hearings examiners "[i]n a contested case hearing under Section 2301.204 or Subchapter M." In neither Rule 215.55's text nor its underlying justifications did the board purport to be delegating final-order authority under Section 2301.154(c).[74] Accordingly, while Rule 215.55 may purport to be a delegation of final-order authority to Sandoval or other hearings examiners, it is not a delegation made under Section 2301.154(c).

Keystone does not refer us to any other rule that could have delegated final-order authority to Sandoval under Occupations Code Section 2301.154(c), nor can we discern any. Consequently, Sandoval's dismissal order could not be a final order "of the board" by virtue of Occupations Code Section 2301.154(e), and thus cannot be appealed under Section 2301.751(a). Our reasoning is founded on what we perceive to be the unambiguous text of Section 2301.751(a) as it interacts with the other provisions of Chapter 2301 we have addressed. But if the statutory text leaves any room to question our analysis, it is at least sufficiently supportive to render Section 2301.751(a)'s waiver of immunity less than "clear and unambiguous," requiring us to construe it against jurisdiction.[75]

We dismiss Keystone's petition for want of subject-matter jurisdiction.

---

www.txdmv.gov/about-us/daniel-avitia (last visited Oct. 20, 2016). The biography further elaborates that "[t]he Motor Vehicle Division is composed of licensing specialists, attorneys, and administrative staff" and that in his role, Mr. Avitia "oversees the licensing and regulation of the motor vehicle dealer industry." *Id.*

73. 43 Tex. Admin. Code § 215.55 (Texas Dep't of Motor Vehicles, Final Decision).

74. *See generally* 38 Tex. Reg. 9215, 9215, 9216, 9222 (2013), *adopted by* 39 Tex. Reg. 1728, 1728, 1730 (2014) (codified as amendment to 43 Tex. Admin. Code § 215.55) (Texas Dep't of Motor Vehicles, Final Decision); *see also* 34 Tex. Reg. 8239, 8239, 8253 (2009), *adopted by* 35 Tex. Reg. 883, 883–84 (2010) (originally codified at 43 Tex. Admin. Code § 215.55) (Texas Dep't of Motor Vehicles, Final Decision).

75. *See, e.g., Bacon,* 411 S.W.3d at 173 (quoting *IT–Davy,* 74 S.W.3d at 854 (quoting Tex. Gov't Code § 311.034; *York,* 871 S.W.2d at 177)).