**TEXAS WATER COMMISSION, Relator,**

v.

**The Honorable Jerry DELLANA, Judge, Respondent.**

**No. D–3393.**

Supreme Court of Texas.

March 24, 1993.

Linda B. Secord, Cynthia Woelk, Nancy Olinger, Amanda Atkinson, Dan Morales, Austin, for relator.

Robert E. Morse, III, Houston, John T. Anderson, Paul Seals, Austin, Frank L. Hearne, Dominick J. Graziano, Tampa, FL, Walter H. Mizell, Austin, for respondent.

PER CURIAM.

Today we consider a petition for writ of mandamus arising out of proceedings pending before two tribunals, one administrative and one judicial.[1] Both proceedings concern the application by Hunter Industrial Facilities to the Texas Water Commission for permission to receive, process, and store hazardous and nonhazardous waste in this state. The judicial proceeding began in November of 1991, when Hunter filed a lawsuit in district court complaining of the Commission's delay in processing the application. On January 6, 1993, the Commission voted in open meeting to deny Hunter's application, and issued its final written order denying the application on January 28, 1993.

On February 3, 1993, Hunter filed an amended petition in district court, asserting that by denying its application the Commission had acted arbitrarily and capriciously, ruled contrary to the evidence, denied Hunter its civil rights, and committed procedural irregularities. Hunter asked the district court to declare the Commission's vote invalid and to order it to reconsider the application. Hunter also served the Commission with deposition notices for nine staff members.

The Commission responded with a plea to the jurisdiction, motion to dismiss, plea in abatement, and motion for protective order. At a hearing in the district court, Hunter argued that the depositions were needed to provide evidentiary support for its motion for rehearing of the final agency order, due on February 17, 1993. The district court denied the Commission's requested relief and ordered that the staff members be made available for depositions no later than February 13, 1993. The Commission then filed its motion for leave to file a petition for writ of mandamus, asking this court to stay and vacate the district court's order. We issued a stay on February 12, 1993, to permit Hunter to file a response to the Commission's request for relief.

The Commission avers that Hunter is impermissibly seeking judicial intervention and review of an agency decision before Hunter has exhausted its administrative remedies. Hunter argues that it should be excused from the traditional exhaustion requirement because it has been subjected to "irreparable harm involving claims of constitutional and statutory violations" by the Commission. (Hunter's Corrected Response p. 1). If it is not permitted discovery, Hunter contends, its ability to preserve error for its anticipated appeal will be compromised because any complaints not distinctly presented to the agency in the motion for rehearing will likely be deemed waived.

■ Section 5.351 of the Texas Water Code authorizes judicial review of Water Commission decisions. The denial of the application sought by Hunter is a final agency decision subject to substantial evidence review. *See City of San Antonio v.*

---

1. The petition for writ of mandamus was conditionally granted on February 16, 1993, with the notation that the court's opinion would follow. 36 Tex.Sup.Ct.J. 556 (Feb. 17, 1993).

**810**

*Texas Water Comm'n,* 407 S.W.2d 752, 756 (Tex.1966). But only a party that has exhausted all available administrative remedies may seek judicial review of an agency decision. *City of Sherman v. Public Util. Comm'n,* 643 S.W.2d 681, 683 (Tex.1983). The exhaustion doctrine, codified in the Administrative Procedure and Texas Register Act (APTRA), requires the filing of a motion for rehearing before the agency as a prerequisite to judicial review. TEX.REV. CIV.STAT.ANN. art. 6252–13a, §§ 19(a), 16(e) (Supp.1993).[2]

 At the time the Commission filed its petition for mandamus, Hunter had not yet filed a motion for rehearing from the Commission's final written order of January 28, 1993. However, the claims in Hunter's amended petition specifically raise matters that are within the scope of judicial review of a final agency decision, and thus must be brought to the attention of the agency before such review is sought. *See* TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 19(e)(1), (2), (3), (4), (5), (6) (Supp.1993) (agency orders may be challenged when in violation of constitution or statute, made on unlawful procedure, not supported by evidence or law, or are the result of abuse of discretion). Hunter's fear that its complaints may be deemed waived if it does not have discovery in support of those complaints is unfounded: a motion for rehearing need not set forth infinite detail about the alleged error in the agency proceeding, but need be only "sufficiently definite to apprise the regulatory agency of the error claimed and to allow the agency opportunity to correct the error or to prepare to defend it." *Suburban Util. Corp. v. Public Util. Comm'n,* 652 S.W.2d 358, 365 (Tex.1983). Once Hunter has exhausted its administrative remedies, and filed its petition for judicial review, APTRA section 19(d)(3) specifically permits the reviewing court to go beyond the agency record and "receive evidence of procedural irregularities alleged to have occurred before the agency but which are not reflected in the record." TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 19(d)(3). We therefore hold that the

district court abused its discretion by permitting Hunter to circumvent the exhaustion of remedies requirement and by ordering discovery patently irrelevant to the judicial proceeding. *See Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992).

Accordingly, without hearing oral argument and pursuant to Texas Rule of Appellate Procedure 122, a majority of the court conditionally grants the writ of mandamus and directs the district court to vacate its order of February 10, 1993. The clerk is instructed to issue the writ only should the district court fail to follow our direction.

---

**2.** Hunter did file a motion for rehearing from the January 6, 1993 vote to deny the application,

which the Commission set aside as premature.