TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00228-CV






Theodore Adams, Appellant



v.



Texas Board of Private Investigators and Private Security Agencies; Clema D. Sanders;


Randy Glasgow; Melissa Hirsch; Robert Sanders; Jack Montague; Jim Bowie;


Jess Ann Thomason; Joel Glenn; Don Smith; and Jay Gunn, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 95-06955, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING 






PER CURIAM

 Theodore Adams, acting pro se, appeals from an adverse summary judgment in his
licensing dispute with the Texas Board of Private Investigators and Private Security Agencies and the
various individual appellees as enumerated above (the Board). The Board denied Adams's application for
a private security officer's license. Adams sued, challenging the Board's decision on state-law grounds and
also bringing various federal-law causes of action. The trial-court granted a summary judgment against
Adams. We will affirm the trial-court judgment.


Background


 The Board revoked Adams's license in 1986 for improperly operating a training program.
Tex. Rev. Civ. Stat. Ann. art. 4413(29bb), § 11B (West Supp. 1997); 22 Tex. Admin. Code § 435.7
(1997). (1) He applied for a new license as a private security officer in June 1994. The Board denied that
application. After the Board notified Adams that it had rejected his application for a license, Adams
requested a hearing. A hearing was set for February 8, 1995, then rescheduled for July 6, 1996. On June
2, 1996, Adams sued in district court in Travis County. The Board removed the cause to United States
District Court, which dismissed the federal claims as frivolous under 28 USC § 1915(d) (1988) and
remanded the state claims.

 In seven points of error, Adams contends that the trial court erred in granting summary
judgment on the grounds of: failure to exhaust administrative remedies (point one); res judicata (point two);
sovereign immunity (point three); qualified immunity (points four and five); and failing to make a bona fide
constitutional claim (point six). Finally, Adams contends granting summary judgment on any ground
violated due process of law (point seven). He has several sub-points of error complaining that the Board
filed no special exceptions to his pleadings. One discussion of special exceptions will apply to all points
of error.

 Because the district court granted summary judgment without specifying the basis, we affirm
the judgment if any of the legal grounds presented in the Board's motion support it. See State Farm Fire
& Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Rogers v. Ricane Enters., Inc., 772 S.W.2d 76,
79 (Tex. 1989). We review de novo the district court's determination that the Board was entitled to
judgment as a matter of law. Capitan Enters. Inc. v. Jackson, 903 S.W.2d 772, 775 (Tex. App.--El
Paso 1994, writ denied). We conclude the Board presented at least two dispositive grounds: failure to
exhaust administrative remedies disposes of the state claims and res judicata disposes of the federal claims.

Preliminary Considerations


Special Exceptions

 Adams contends that the trial court rendered an improper summary judgment based on the
pleadings, without requiring special exceptions and without giving him an opportunity to amend. Summary
judgment may not resolve whether pleadings fail to state a cause of action. Massey v. Armco Steel Co.,
652 S.W.2d 932, 934 (Tex. 1983); Texas Dep't of Corrections v. Herring, 513 S.W.2d 6, 10 (Tex.
1974). However, the trial court did not grant summary judgment based on a failure to state a cause of
action, at least with regard to the dispositive grounds of failure to exhaust administrative remedies and res
judicata.


Proceedings Before the Board

 Neither side has detailed the licensing procedure involved, which is helpful to an
understanding of the cause. Adams applied for a private security officer commission. Art. 4413(29bb),
§ 19; 22 Tex. Admin. Code §§ 433.1-433.11. The Board may summarily deny an application if it notifies
the applicant of the right to a preliminary hearing. Art. 4413(19bb) at § 11D(a). At the preliminary
hearing, the individual whose application was denied must show cause why the denial should not remain
in effect pending a final hearing on the denial. Id. at § 11D(b). Then a final hearing may be scheduled. Id.
at § 11D(c). The Administrative Procedures Act (APA), Tex. Gov't Code Ann. §§ 2001.001-2001.902
(West 1997), does not apply to the preliminary hearing but controls the final hearing. Art. 4413(29bb) at
§ 11D(b). This case apparently deals with a summary denial as Adams keeps referring to the Board's
improper reasons for denying the application. However, the parties agree that Adams left the process
before a final hearing. The record does not clarify this matter; in fact, the record is itself a problem.

 In spite of repeated references to the Board having denied his application based on past
revocations, a review of the record shows no Board order or notification relating to a denial of Adams's
1994 license application. The record contains a federal court decision referring to the denial of the
application and also contains copies of orders relating to revocations concerning Adams and other entities
in 1986, (2) but we have no copy in the record of any written rejection in 1994. The record shows a motion
from Adams to have the "entire administrative record" sent to the district court but contains no ruling on
that motion. Further, if the APA judicial-review provisions do not apply because there was no final hearing,
then it is questionable whether the agency has the same responsibility for transmitting the record that it does
after a final decision under the APA. See Tex. Admin. Code §§ 2001.171-178 (judicial review of
contested cases). Finally, it is Adams's obligation on appeal to present a record sufficient to show error
requiring reversal. Tex. R. App. P. 50(d).


Exhaustion of Administrative Remedies


 In general, only a party who has exhausted all administrative remedies may have judicial
review of an agency decision. Texas Water Comm'n v. Dellana, 849 S.W.2d 808, 810 (Tex. 1993);
Tex. Gov't Code Ann. § 2001.171 (West 1997). Exceptions to the exhaustion principle occur when: (1)
the administrative agency lacks jurisdiction, Texas Education Agency v. Cypress-Fairbanks Indep. Sch.
Dist., 830 S.W.2d 88, 90 (Tex. 1992); (2) irreparable harm will be suffered and the agency is unable to
provide relief, Houston Fed'n of Teachers v. Houston Indep. Sch. Dist., 730 S.W.2d 644, 646 (Tex.
1987); there are purely questions of law involved, Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889,
892 (Tex. 1986); or (4) the agency has exceeded its statutory authority, City of Sherman v. Public Util.
Comm'n, 643 S.W.2d 681, 683 (Tex. 1983). One purpose of the exhaustion doctrine is to refrain from
a premature interruption of the administrative process and the expenditure of judicial time and resources
in the resolution of preliminary disputes that may be resolved or become immaterial or insignificant in light
of later developments in the administrative process. Public Util. Comm'n v. Pedernales Elec. Co-Op.,
678 S.W.2d 214, 220 n.3 (Tex. App.--Austin 1984, writ ref'd n.r.e.).

 This cause illustrates that purpose of the exhaustion doctrine. As best as we can determine
from the record presented, the agency has in reality only made a preliminary determination to deny
Adams's license application and any stated reasons in any written documentation serve to put Adams on
notice of the issues he needs to address should he desire a hearing. If the preliminary reason for the denial
is improper, then the agency has not yet had the opportunity for a full development of that issue at the final
hearing at which it could change or modify its determination based on the facts presented. This Court
cannot determine if the Board acted for improper reasons if we have no final order from the Board setting
out its reasons. See Tex. Gov't Code Ann. § 2001.141 (form of order; findings of facts, and conclusions
of law); 22 Tex. Admin. Code § 423.52 (final order shall be in writing and signed by a majority of the
board members).

 Adams does not fit one of the above exceptions to the exhaustion doctrine. The Board has
jurisdiction to issue and revoke licenses. Art. 4413(29bb). At the point Adams left the administrative
process, it was still possible that the Board could give him all the relief he sought by deciding to issue a
license.

Adams's Constitutional Claim

 Another exception to the exhaustion doctrine occurs when a litigant brings a good faith
constitutional challenge. Texas State Bd. of Pharmacy v. Walgreen, 520 S.W.2d 845, 848 (Tex.
App.--Austin 1975, writ ref'd n.r.e.). Although Adams's challenge is not clear, his complaint seems to
be that section 11B(a)(1) of the statute is not specific enough because the agency denied his license
application for a reason not specifically stated in the statute. We will interpret his challenge to be an attempt
at claiming the statute is void for vagueness.

 The complained of section reads:


(a) The board shall revoke or suspend any registration, license, or security officer
commission, reprimand any registrant, licensee, or commissioned security officer, or
deny an application or renewal ..., on proof:


 (1) that the applicant, licensee, commissioned security officer or registrant has
violated any provisions of the Act or of the rules and regulations promulgated
under this Act;



Art. 4413(29bb), § 11B(a)(1). Sections two through six of the Act list other, specific grounds for
revocation, such as conviction of a felony.

 In general, the standards for vagueness are less stringently applied to noncriminal legislation,
particularly economic regulations. Massachusetts Indem. & Life Ins. Co. v. Texas State Bd. of Ins., 685
S.W.2d 104, 114 (Tex. App.--Austin 1985, no writ). Other sections of the act and the rules set out
specific acts that constitute violations. Adams's complaint in this cause is that a revocation for past
revocations is somehow different than a revocation for past violations, but of course, a past revocation
would have been based on violations. Again, we have no order from the Board to determine exactly what
the Board's reasons were. A person of ordinary intelligence could sufficiently understand and comply with
the statute. Id. We overrule point of error one.


Federal Claims


 The Board removed this cause to federal court. The court held the federal claims frivolous. 
28 U.S.C. § 1915(d) (1988). The court then remanded the cause to state court to consider the state
claims. There was no change in the facts, the claims, or the parties in the pleadings after remand.

 Texas courts look to federal principles of res judicata in determining the effect of prior
federal judgments. Eagle Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 718 (Tex. 1990). 
Application of res judicata is proper if: (1) the parties are identical in the two actions; (2) the prior
judgment was rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and
(4) the same cause of action is involved. The federal claims in this case meet the test for the application
of res judicata. His federal claims have already been litigated.

 We overrule point of error two. Having ruled on the dispositive points of error, we do not
consider the rest. We affirm the trial-court judgment.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 5, 1997

Do Not Publish

1. All references will be to these versions.
2. Adams's relationship to these other entities is unclear. They are not parties to this litigation.


m the record presented, the agency has in reality only made a preliminary determination to deny
Adams's license application and any stated reasons in any written documentation serve to put Adams on
notice of the issues he needs to address should he desire a hearing. If the preliminary reason for the denial
is improper, then the agency has not yet had the opportunity for a full development of that issue at the final
hearing at which it could change or modify its determination based on the facts presented. This Court
cannot determine if the Board acted for improper reasons if we have no final order from the Board setting
out its reasons.