Patricia **MOSLEY, Appellant, Texas Health and Human Services Commission and Texas Department of Family and Protective Services, Cross-Appellants**

v.

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION and Texas Department of Family and Protective Services, Appellees, Patricia Mosley, Cross-Appellee,**

**NO. 03-16-00358-CV**

Court of Appeals of Texas, Austin.

Filed: March 30, 2017

Mr. Kevin E. Vickers, Ms. Paulina Williams, Ms. Samia R. Broadaway, Baker Botts L.L.P., 98 San Jacinto Blvd., Suite 1500, Austin, TX 78701, for appellant.

Mr. Andrew Lutostanski, Assistant Attorney General, Administrative Law Division, P. O. Box 12548, Capitol Station, Austin, TX 78711, for appellee.

Before Justices Puryear, Pemberton, and Goodwin

## OPINION

David Puryear, Justice

In this appeal we are first asked to determine the jurisdictional question of whether a party who has by order of the Texas Health and Human Services Commission (HHSC) been slated for placement on the "Employee Misconduct Registry" (EMR) [1] is required to file a motion for rehearing with the agency prior to filing a suit for judicial review of the order. *See* Tex. Hum. Res. Code § 48.406 (granting employee right to judicial review of EMR determination). On the merits, we are asked to conduct a substantial-evidence review of HHSC's determination that Mosley

---

1. The EMR is maintained by the Texas Department of Aging and Disability Services (DADS), *see* Tex. Health & Safety Code § 253.007 (establishing EMR and requiring DADS to make it publicly available), and persons may be placed on the registry for committing "reportable conduct" while employed at DADS-regulated facilities. *See id.* § 253.0075 ("On receipt of a finding of an employee's reportable conduct by the Department of Family and Protective Services … [DADS] shall record the information in the [EMR]."). "Reportable conduct" is defined to include "neglect that causes or may cause death or harm to an individual receiving agency services." *See* Tex. Hum. Res. Code § 48.401(5)(A); *see also* Tex. Health & Safety Code § 253.001(5).

committed "reportable conduct" through neglect when a group-home resident over whom she had sole and direct supervision swallowed batteries and was later taken to the hospital for emergency removal thereof. For the reasons outlined below, we conclude that the trial court did not have jurisdiction over Mosley's suit because she failed to timely file a motion for rehearing and therefore do not reach the merits. Accordingly, we reverse the judgment of the trial court upholding HHSC's order and render judgment granting cross-appellants' plea to the jurisdiction, dismissing Mosley's suit for lack of subject-matter jurisdiction.

## BACKGROUND

DADS maintains a central registry of employees of facilities licensed by DADS who have been found to have committed acts constituting "reportable conduct." *See* Tex. Health & Safety Code § 253.007. This registry is called the EMR and contains information such as the employee's name, address, social security number, and the date and description of the reportable conduct. *Id.* The EMR is available to the public. *See id.* Before a "facility" (as defined in the Health and Safety Code, *see id.* § 253.001(4)) may hire an employee, it must search the EMR to determine whether the applicant is listed for abuse, neglect, or exploitation of a resident, consumer, or individual receiving services from a facility and may not hire a person who is so listed. *Id.* § 253.008.

The Texas Department of Family and Protective Services (DFPS) has the statutory authority "to investigate the abuse, neglect, or exploitation of an elderly person or person with a disability," Tex. Hum. Res. Code § 48.001, and must forward a confirmed finding of a regulated employ-

ee's[2] "reportable conduct" to DADS for inclusion in the EMR, *id.* § 48.403. If, after conducting an investigation, DFPS concludes that an employee committed "reportable conduct," it must provide written notice to the employee to include: a summary of its findings; a statement of the employee's right to a hearing on the findings; and a statement that if the employee fails to timely respond to the notice, the reportable-conduct finding will be recorded in the EMR. *Id.* § 48.404. The employee may then make a written request for a hearing on the reportable-conduct finding within 30 days of receiving the notice, and if the employee fails to timely request the hearing, DFPS "shall" issue an order approving the finding and forwarding it to DADS for inclusion in the EMR. *Id.* (b), (c). After an EMR hearing, which is to be conducted by an administrative law judge (ALJ) designated by DFPS, the ALJ "shall promptly issue an order regarding the occurrence of the reportable conduct." *Id.* § 48.405. The employee may request judicial review of an EMR finding. *See id.* § 48.406.

In early 2014, DFPS investigated an incident involving Mosley's care of a resident of the group home at which Mosley was working. DFPS found that Mosley had committed "reportable conduct" and recommended that she be placed on the EMR. *See id.* § 48.403 ("[DFPS] shall immediately forward [a] finding [confirming the occurrence of reportable conduct] to [DADS] to record the reportable conduct in the [EMR].") Mosley timely requested an administrative appeal hearing, which DFPS delegated to HHSC. *See id.* § 48.405 (noting that DFPS or its designee shall set hearing and designate ALJ to conduct hearing); 40 Tex. Admin. Code § 711.1421(a) (Dep't of Family & Protec-

---

**2.** There is no dispute that Mosley is an "employee" as defined in the applicable statute. *See* Tex. Hum. Res. Code § 48.401(3) (defining employee).

tive Servs., When and where will the EMR hearing take place and who conducts the hearing?) ("An EMR hearing will be conducted by an administrative law judge with [HHSC]"); *see also* Tex. Health & Safety Code §§ 253.003–.004 (outlining procedures for EMR hearings). HHSC sustained DFPS's determination, and Mosley then filed a suit for judicial review with the district court, *see* Tex. Hum. Res. Code § 48.406, which affirmed the HHSC order and denied HHSC and DFPS's plea to the jurisdiction. Mosley appealed the trial court's judgment upholding the HHSC determination, and HHSC and DFPS cross-appealed the trial court's denial of their plea to the jurisdiction.

## DISCUSSION

■ We first address the agencies' issue on cross-appeal, contending that the trial court erred in denying their plea to the jurisdiction because, in failing to file a motion for rehearing, Mosley did not exhaust her administrative remedies, and the EMR order, therefore, did not become "appealable" under the Administrative Procedure Act (APA). *See* Tex. Gov't Code § 2001.145(a) ("A timely motion for rehearing is a prerequisite to an appeal in a contested case except that a motion for rehearing of a decision or order that is final under Section 2001.144(a)(3) or (4) is not a prerequisite for appeal."), (b) ("A decision or order that is final under Section 2001.144(a)(2), (3), or (4) is appealable."); *Lindsay v. Sterling*, 690 S.W.2d 560, 564 (Tex. 1985) (requirement of having motion for rehearing overruled, thus exhausting administrative remedies, is jurisdictional prerequisite to suit and cannot be waived by action of parties); *see also* Tex. Gov't Code § 311.034 (noting that statutory prerequisites to suit are jurisdictional requirements in all suits against governmental entity). We review the denial of a plea to the jurisdiction de novo. *Presi-*

*dio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010).

As the supreme court and this Court have repeatedly held, the APA's motion-for-rehearing requirement is jurisdictional and applies generally to *all* suits for judicial review to challenge agency orders issued in contested cases. *See Railroad Comm'n v. WBD Oil & Gas Co.*, 104 S.W.3d 69, 74 (Tex. 2003) ("Judicial review of contested case decisions is ... limited. To obtain such review, an aggrieved person must move for rehearing (except in certain cases) [FN omitted], must have exhausted all other administrative remedies available, and must file a petition with the court within thirty days of the decision."); *Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995) ("The failure to file a timely motion for rehearing deprives the district court of jurisdiction to review the agency's decision on appeal."); *Texas Water Comm'n v. Dellana*, 849 S.W.2d 808, 810 (Tex. 1993) ("The exhaustion doctrine, codified in the [APA], requires the filing of a motion for rehearing before the agency as a prerequisite to judicial review."); *Natter v. Texas Dep't of State Health Servs.*, No. 03-16-00317-CV, 2016 WL 4980215, at *2 (Tex. App.—Austin Sept. 13, 2016, no pet.) (mem. op.) ("Under the APA, a timely filed motion for rehearing is a prerequisite to an appeal" and "Timely filing the motion for rehearing with the agency is part of the exhaustion requirement and is a prerequisite to invoking the district court's jurisdiction."); *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 565 (Tex. App.—Austin 2008, pet. denied) ("Under the APA, a timely motion for rehearing generally is a jurisdictional prerequisite to an appeal in a contested case.").

■ This jurisdictional prerequisite applies even when agency-specific legislation

authorizes judicial review of agency orders but does not explicitly make reference to motions for rehearing or expressly incorporate the APA. *See Dellana,* 849 S.W.2d at 809–10 (where Water Code authorized judicial review of Water Commission decisions but was silent about motions for rehearing, APA applied and required motion for rehearing); *Reed v. Department of Licensing & Regulation,* 820 S.W.2d 1, 2–4 (Tex. App.—Austin 1991, no writ) (per curiam) (where specific licensing statute did not require motion for rehearing but did not conflict with APA, APA applied, including its jurisdictional requirement of motion for rehearing); *see also Mednick v. Texas State Bd. of Pub. Accountancy,* 933 S.W.2d 336, 338 (Tex. App.—Austin 1996, writ denied) (concluding that even though enabling statute did not require motion for rehearing, its incorporation of APA included APA's requirement of motion for rehearing). In sum, "[u]nless otherwise provided, the APA's contested-case and judicial-review procedures apply to agency-governed proceedings." *Scott,* 275 S.W.3d at 563.

It is undisputed that Mosley did not file a motion for rehearing with HHSC or DFPS. Nonetheless, she contends that the trial court had jurisdiction over her suit, for several reasons: (1) section 48.406 of the Human Resources Code does not require a motion for rehearing; (2) DFPS's rules interpreting section 48.406 effective at the time of the proceedings below did not require a motion for rehearing, which reflects an agency interpretation that we must uphold absent legislative amendment to the contrary, *see Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,* 145 S.W.3d 170, 176 (Tex. 2004); (3) DFPS's rules served as a formal "agreement" with Mosley about when the HHSC order became final, bringing her case into a statutory exception to the APA's motion-for-rehearing requirement,

*see* Tex. Gov't Code § 2001.144(a)(4); and (4) DFPS "misdirected" Mosley about perfecting judicial review and thereby violated her constitutional right to due process, which scenario dispenses with the requirement to comply with the APA's jurisdictional prerequisites, *see Central Power & Light Co. v. Sharp,* 960 S.W.2d 617, 618 (Tex. 1997). We will address each of these arguments in turn.

■ We first consider the specific enabling legislation at issue—section 48.406 of the Human Resources Code. Notably, the statute does not expressly require a motion for rehearing, but neither does it expressly dispense with such requirement: "Not later than the 30th day after the date the decision becomes final as provided by Chapter 2001, Government Code, the employee may file a petition for judicial review contesting the finding of the reportable conduct." Tex. Hum. Res. Code § 48.406(b); *cf.* Tex. Educ. Code § 21.034(b) ("A request for rehearing is not required for a party to appeal the commissioner's decision."). The supreme court has held that similarly worded enabling statutes are subject to the APA's motion-for-rehearing requirement. *See Dellana,* 849 S.W.2d at 809–10 (holding that, where Water Code authorized judicial review when affected persons "file[d] petition within 30 days after the effective date of the ruling, order, or decision" but was silent as to motions for rehearing, "[t]he exhaustion doctrine, codified in the [APA], requires the filing of a motion for rehearing before the agency as a prerequisite to judicial review").

Section 48.406 further provides that "[j]udicial review of [an EMR] order ... is instituted by filing a petition as provided by Subchapter G, 2001, Government Code." Tex. Hum. Res. Code § 48.406(c). Subchapter G, in turn, provides that "[a]

person initiates judicial review in a contested case by filing a petition not later than the 30th day after the date the decision or order that is the subject of complaint is final *and appealable*," *id.* § 2001.176(a) (emphasis added), and "appealable" orders are those for which a motion for rehearing has been filed and overruled.[3] *See id.* § 2001.145(a), (b). In other words, the APA explicitly requires a motion for rehearing as a prerequisite to judicial review, except in particular circumstances not applicable here. *See id.* It matters not that section 48.406 does not expressly incorporate the motion-for-rehearing or "appealability" requirement because, *unless otherwise provided*, the APA applies to all agency-governed proceedings. *See Scott*, 275 S.W.3d at 563. We will not read the legislature's failure to expressly incorporate the motion-for-rehearing requirement into the enabling statute as creating a conflict with the APA's express requirement for such a motion but will, rather, read the statutes in conjunction and give effect to both. *See Texas Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 811–12 (Tex. 2002). Indeed, even when an agency's enabling statute authorizes judicial review of an agency action, "[t]he APA imposes *additional* requirements on those affected by agency decisions." *Id.* (emphasis added) ("Thus any Solid Waste Disposal Act requirements must be read in conjunction with the APA provisions governing judicial review of contested cases.") (citing *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891–92 (Tex. 1986), *overruled in part on other grounds, Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)).

■ The APA applies to review of agency orders, and the plain language of section 48.406 does not "provide otherwise." *Cf. AGAP Life Offerings, LLC v. Texas State Securities Bd.*, No. 03-11-00535, 2013 WL 6464537, at *4 (Tex. App.—Austin Nov. 26, 2013, no pet.) (mem. op.) (construing Securities Act provision mandating that "order affirming or modifying the emergency order is immediately final for purposes of enforcement or appeal" as statute that "provides otherwise" and does not require motion for rehearing). We hold, therefore, that in the absence of an express legislative exemption of EMR cases from the APA's motion-for-rehearing requirement, an employee is required to timely file a motion for rehearing as a jurisdictional prerequisite to judicial review of an EMR order. *See Dellana*, 849 S.W.2d at 809–10.

■ We next address Mosley's argument that DFPS's rules effective at the time of the proceedings below reflect the agency's "interpretation" that no motion for rehearing was required and that, because the legislature has since amended the Human Resources Code but has not substantively amended section 48.406, the legislature has impliedly adopted the agency's interpretation. *See Reed*, 820 S.W.2d at 4 ("Once a statute is given a particular interpretation, a court is entitled to assume that the legislature has indicated its approval of the interpretation by failing to amend the statute."). Specifically, Mosley refers to Rule 711.1431, which at the relevant time stated,

(a) To request judicial review of a Hearing Order, the employee must file a petition for judicial review in a Travis County district court, as provided by

---

**3.** There are two exceptions to the motion-for-rehearing requirement, one of which Mosley contends applies here. *See* Tex. Gov't Code

§§ 2001.144(a)(3), (4), .145(a). We will address this argument *infra.*

Government Code, Chapter 2001, Subchapter G.

(b) The petition must be filed with the court no later than the 30th day after the date the Hearing Order becomes final, which is the date that the Hearing Order is received by the employee.

(c) Judicial review by the court is under the substantial evidence rule, as provided by § 48.406, Human Resources Code.

40 Tex. Admin. Code § 711.1431 (2015) (Dep't of Family & Protective Servs., How is judicial review requested and what is the deadline?) (Former Rule 711.1431).[4] However, even assuming that Former Rule 711.1431 reflects DFPS's "interpretation" that section 48.406 does not require a motion for rehearing, it is only when a statute is ambiguous that a court will defer to an agency's interpretation, *see Mega Child Care, Inc.*, 145 S.W.3d at 176 ("If an ambiguous statute that has been interpreted by a court of last resort or given a longstanding construction by a proper administrative officer is re-enacted without substantial change, the Legislature is presumed to have been familiar with that interpretation and to have adopted it."); *see also Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 625 (Tex. 2011), and we have already concluded that section 48.406 and the APA, read in conjunction as we must do, are not ambiguous.

Furthermore, an agency may not waive a jurisdictional prerequisite such as the APA's motion-for-rehearing requirement, even if the agency improperly communicates to a party that there are no further

administrative remedies available to pursue. *See Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001) (noting that jurisdiction cannot be conferred by estoppel or action of party or agency and that school district's failure to inform employee about administrative remedies did not absolve employee of exhaustion-of-remedies requirement); *see also Bacon v. Texas Historical Comm'n*, 411 S.W.3d 161, 173–74 (Tex. App.—Austin 2013) (noting that only legislature may waive sovereign immunity); *Lindsay*, 690 S.W.2d at 563–64 ("The requirement of having a motion for rehearing overruled, thus exhausting administrative remedies, is a jurisdictional prerequisite to judicial review by the district court and cannot be waived by action of the parties."); *Keystone RV Co. v. Texas Dep't of Motor Vehicles*, 507 S.W.3d 829, 836 n.31 (Tex. App.—Austin 2016, no pet.) ("Regardless of [a] rule's state or version, it has no direct bearing on the scope of our jurisdiction."); *Texas Alcoholic Beverage Comm'n v. Sfair*, 786 S.W.2d 26, 27 (Tex. App.—San Antonio 1990, writ denied) ("An appeal from an administrative agency is not a matter of right, it is set out by statute and must be strictly complied with in order to vest the district court with jurisdiction."). We are not persuaded by Mosley's argument that no motion for rehearing was required because Former Rule 711.1431 did not specifically provide for such motions.

■ We next address Mosley's related argument that Former Rule 711.1431 served as an "agreement" between DFPS and her about when the HHSC order became final, bringing her case into a statu-

---

4. In August 2016, well after Mosley's contested-case proceedings had concluded and been appealed to the trial court, DFPS amended its rules, including 711.1431, which now states: "A timely motion for rehearing is a prerequisite to judicial review and must be filed in

accordance with Subchapters F and G, Chapter 2001, Government Code." 40 Tex. Admin. Code § 711.1431(a) (Dep't of Family & Protective Servs. How is judicial review requested and what is the deadline?).

tory exception to the APA's motion-for-rehearing requirement: "A decision or order in a contested case is final . . . on . . . the date specified in the decision or order for a case in which all parties agree to the specified date in writing or on the record." Tex. Gov't Code § 2001.144(a)(4); *see id.* § 2001.145 (dispensing with motion-for-rehearing requirement for orders that are final under section 2001.144(a)(4)); *see also* Former Rule 711.1431 (specifying that EMR order "becomes final" on date employee receives it). More specifically, Mosley contends that although she and DFPS did not expressly agree (in writing or on the record) to a specific date of finality for the EMR order, they effectively had such an agreement due to the facts that: (1) Former Rule 711.1431 specified a generic finality date (when the employee receives the order), (2) HHSC quoted the former rule in the cover letter attached to the order it sent to her, and (3) Mosley "agreed" in writing to this finality date by requesting a hearing governed by DFPS rules. To support this proposition, Mosley cites cases applying the law of unilateral contracts, arguing that her written request for a hearing under DFPS rules, including Former Rule 711.1431, constituted her "written agreement" to be bound by those rules, including her agreement to the date on which her EMR order became final (the date that she received the order, *see* Former Rule 711.1413). *See City of Houston v. Williams*, 353 S.W.3d 128, 136 (Tex. 2011) (recognizing that duly enacted municipal ordinance can create binding unilateral contract).

We conclude that the law of unilateral contracts simply does not apply here because Mosley has made no contention that DFPS (the would-be "promisor") received any consideration from Mosley (the would-be "promisee") for her "performance" in the form of requesting an EMR hearing under DFPS's rules, nor can we imagine how her attempt to exhaust her administrative remedies would constitute consideration to DFPS. *Cf. Vanegas v. American Energy Servs.*, 302 S.W.3d 299, 304 (Tex. 2009) (employer's promise to pay bonus to employees still employed at time of merger became enforceable unilateral contract when employees stayed on with employer, as their continued employment constituted valuable consideration to employer). We are not persuaded by Mosley's third argument.

■ Lastly, we consider Mosley's argument that her constitutional rights to due process were violated by DFPS's promulgating an "invalid" rule, directing that she follow the rule and thereby "preventing" her from seeking rehearing, and ultimately adversely affecting her vested property and liberty interests as a state-registered nurse aid. Mosley's argument is misplaced, as Texas law does not allow a party to avoid statutory jurisdictional prerequisites simply by including a constitutional claim. *See Texas Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 97 (Tex. App.—Austin 2009, pet. denied) (holding that when statute provides right of judicial review, person raising constitutional claim must comply with statute's jurisdictional requirements even if making constitutional claims about agency order's affecting vested property rights); *HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) (same); *see also City of Dallas v. Stewart*, 361 S.W.3d 562, 579–80 (Tex. 2012) (citing *Kelsoe* for proposition that "a party making a constitutional claim must nonetheless comply with statutory prerequisites for judicial review"); *Otieno v. Texas Bd. of Nursing*, No. 03-14-00251-CV, 2015 WL 4909766, at *2 (Tex. App.—Austin Aug. 11, 2015, no pet.) (mem. op.) (same). Furthermore, her attempt to obtain judicial review of the EMR order by claiming that For-

mer Rule 711.1431 is invalid is an impermissible collateral attack on an agency order.[5] *See Chocolate Bayou Water Co. & Sand Supply v. Texas Nat. Res. Conservation Comm'n*, 124 S.W.3d 844, 853 (Tex. App.—Austin 2003, pet. denied) ("Collateral attacks upon an agency order may be maintained successfully on one ground alone—that the order is void"); *see also Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) ("A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not initiated for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against."). Finally, Mosley is charged with notice of the APA and its requirements, *see Hernandez v. Texas Dep't of Ins.*, 923 S.W.2d 192, 195 (Tex. App.—Austin 1996, no writ) (holding that party was charged with knowledge of APA provisions related to exhaustion of administrative remedies), especially in light of the representation in her petition that it was filed in accordance with Human Resources Code section 48.406(b) and the APA. Accordingly, Mosley's "due process" contentions do not absolve her of the requirement to exhaust administrative remedies.

We, therefore, sustain the agencies' issue on cross-appeal and hold that the trial court did not have jurisdiction over Mosley's suit for judicial review because she failed to file a motion for rehearing. Because of our disposition on this jurisdictional question, we do not reach the merits of Mosley's petition or conduct a substantial-evidence review.

5. And, to the extent that Mosley's petition for judicial review is actually a rule challenge under section 2001.038 of the APA, her failure to exhaust administrative remedies forecloses that avenue to jurisdiction as well. *See Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 529 (Tex. App.—

## CONCLUSION

We hold that the trial court did not have subject-matter jurisdiction over this case and erred in denying the agencies' plea to the jurisdiction. Accordingly, we reverse the trial court's order denying the agencies' plea to the jurisdiction and its judgment affirming the HHSC order and render judgment granting the agencies' plea to the jurisdiction and dismissing Mosley's suit.

Austin 2002, pet. denied) (holding that district court lacked subject-matter jurisdiction over section 2001.038 rule challenge where underlying controversy had been extinguished by plaintiff's failure to exhaust administrative remedies).