# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-16-00732-CV

Jose A. Perez, Appellant

v.

Physician Assistant Board and Margaret K. Bentley, in her Individual and
Official Capacities, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-16-001332, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jose A. Perez, acting pro se, appeals from the trial court's final order and judgment granting the plea to the jurisdiction of the Texas Physician Assistant Board (the Board) and Margaret K. Bentley and denying Perez's request for injunctive relief. Although his contentions are not set out in typical briefing fashion, the substance of Perez's underlying suit and issues on appeal appear to challenge the Board's revocation of his license as a physician assistant.[1] For the following reasons, we affirm the trial court's final order and judgment.[2]

---

[1] We must hold Perez to the same standard as parties represented by counsel. *See Stewart v. Texas Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 Tex. App. LEXIS 9787, at *2 n.1 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.) (explaining that "pro se appellants are held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties").

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4; *see also Perez v. Texas Med. Bd.*,

**Background**

Perez was a Texas licensed physician assistant until the Board revoked his license by default order dated March 7, 2014 (the 2014 order). The 2014 order recites that: (i) Perez "received all notice that may be required by law and by the rules of the Board" and filed an answer but failed to appear for the contested case hearing at the State Office of Administrative Hearings; (ii) after he did not appear at the hearing, the Administrative Law Judge issued an order dismissing the case on a default basis and remanding the case to the Board for resolution through its default proceedings; and (iii) the Board found the determination of default meritorious, ordered the allegations in the complaint "deemed true," and revoked Perez's physician assistant license. Bentley signed the order as the Board's presiding officer.

In March 2016, Perez sued the Board and Bentley, in her official and individual capacities, seeking to "quash" the 2014 order and to be awarded "compensatory" and "punitive" damages based on appellees' alleged violations of the Fourth Amendment, Fourteenth Amendment, Fifth Amendment, and First Amendment of the United States Constitution; appellees' alleged violations of article I, sections 15, 16, and 17, and article XVI, section 31, of the Texas Constitution; appellees' alleged violations of section 2001.174 of the Administrative Procedure Act; and Bentley's

No. 03-14-00644-CV, 2015 WL 8593555, at *1–2 & n.3 (Tex. App.—Austin Dec. 10, 2015, pet. denied) (mem. op.) (addressing Perez's suit for judicial review of order revoking his physician assistant license and listing prior cases brought by Perez in state and federal court seeking to challenge the administrative proceeding concerning revocation of his physician assistant license).

In a separate but related appeal, this Court's cause number 03-16-00840-CV, appellees challenge the trial court's final order and judgment to the extent that the trial court denied their motion to declare Perez a vexatious litigant. By opinion issued this same date, we conclude that the trial court did not abuse its discretion when it denied their motion.

alleged ultra vires actions.[3]  He also filed an application for temporary and permanent injunctive relief, seeking to enjoin the 2014 order.  In response to Perez's suit, appellees filed a plea to the jurisdiction with a copy of the 2014 order.[4]  In their plea, they argued that Perez's complaint, on its face, affirmatively negated the trial court's subject matter jurisdiction.  Following a hearing, the trial court granted appellees' plea to the jurisdiction and dismissed Perez's suit with prejudice.  The trial court also denied Perez's request for injunctive relief.

Perez filed requests for findings of fact and conclusions of law, but the trial court did not enter findings or conclusions.  This appeal followed.

## Analysis

### Standard of Review

Disposition of this appeal concerns questions of subject matter jurisdiction, which we review de novo.  *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.

---

[3]  More specifically, Perez's allegations included that:  (i) a "neutral magistrate" did not find that there was "probable cause to proceed administratively against [him]" and his "property"—"his right to work as a physician assistant"—was seized in violation of the Fourth Amendment; (ii) he was denied "equal treatment" in violation of the Fourteenth Amendment because his "property" was "seized" "without the benefit of a jury trial" or "due process of law"; (iii) his "property" was "so burdened" to "deny him its economic value and unreasonably interfered with its use and enjoyment" in violation of the Fifth Amendment Takings Clause; (iv) retaliation in violation of the First Amendment because he "sought redress of his grievances in the courts"; (v) denial of his right to a "jury trial," "persecut[ion]," deprivation of "all economically beneficial use of his property," and subjection to "ex post facto laws" in violation of the Texas Constitution; (vi) the 2014 order "did not include a concise and explicit statement of the underlying facts supporting the findings" in violation of section 2001.174 of the Texas Government Code; and (vii) Bentley "acted without legal authority and/or failed to perform a purely ministerial act" in violation of "ultra vires exception."

[4]  As previously noted, appellees also moved to have Perez declared a vexatious litigant and have appealed the trial court's denial of this motion in the related appeal, this Court's cause number 03-16-00840-CV.

3

2004). In the context of an appeal from the granting of a plea to the jurisdiction, we focus first on the plaintiff's petition to determine whether the facts that were pleaded affirmatively demonstrate that subject matter jurisdiction exists. *Id*. We construe the pleadings liberally in favor of the plaintiff. *Id*. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *Id.* "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Id*. (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).

**Perez's Appeal**

Perez lists 36 issues on appeal. We, however, limit our review to Perez's un-negated factual assertions in his pleadings to determine if the trial court had jurisdiction to consider any of his claims. *See* Tex. R. App. P. 47.1 (requiring courts of appeals to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"), 47.4 (explaining that courts of appeal should write brief memorandum opinion that advises parties of decision and basic reasons for it when issues are settled); *Miranda*, 133 S.W.3d at 226–27; *Blue*, 34 S.W.3d at 555; *see also City of Austin v. Utilities Assocs.*, 517 S.W.3d 300, 307 (Tex. App.—Austin 2017, pet. denied) (departing "somewhat from parties' own framing of the jurisdictional issues" and explaining that inquiry as to subject matter jurisdiction "is not necessarily confined to the precise jurisdictional challenges or arguments presented by the parties, because jurisdictional requirements may not be waived and 'can be—and if in doubt, must be—raised by a court on its own at any time,' including on appeal" (citing *Finance Comm'n of Tex. v. Norwood*,

4

418 S.W.3d 566, 580 (Tex. 2013) (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993))).

**Claims Against the Board**

The Board asserts that Perez's pleadings affirmatively negated the trial court's jurisdiction based on sovereign immunity, which generally deprives courts of subject matter jurisdiction over suits against agencies of the State, such as the Board. *See State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Miranda*, 133 S.W.3d at 225–26; *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). We turn then to whether Perez's pleaded claims against the Board affirmatively demonstrated waiver of the Board's immunity from suit.

The substance of Perez's pleaded claims against the Board—that the Board violated the United States and Texas constitutions and the APA—challenges and seeks relief from the 2014 order. *See Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011) (considering underlying nature of claim to determine if sovereign immunity waived as to that claim); *Andrade v. v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011) (considering substance of claims that included allegations of constitutional violations in reviewing plea to jurisdiction and noting that immunity was retained unless "viable claim" pleaded); *see also Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476, 491 (Tex. 2012) (observing that state retains immunity in "absence of a properly pled takings claim" and concluding that existence of jurisdiction was not established because plaintiff could not "establish a viable takings claim"). But "[i]t is well recognized under Texas law that there is no right to judicial review of an administrative order unless a statute provides

5

a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right." *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex. 2000).

Here the APA potentially provided Perez with the right to judicial review of the 2014 order. *See* Tex. Gov't Code § 2001.171 ("A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter."); *Perez v. Texas Med. Bd.*, No. 03-14-00644-CV, 2015 WL 8593555, at *1 (Tex. App.—Austin Dec. 10, 2015, pet. denied) (mem. op.) (recognizing that judicial review of 2014 order was potentially available under APA); *see also Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004) (concluding that section 2001.171 of APA "provides a limited waiver of governmental immunity"). However, a petition seeking judicial review in a contested case must be filed "not later than the 30th day after the date the decision or order that is the subject of complaint is final and appealable." Tex. Gov't Code § 2001.176. And "[a] timely filed petition for judicial review is a statutory prerequisite to suit, so that failure to comply deprives the trial court of jurisdiction to review the agency decision." *Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 240 (Tex. App.—Austin 2010, pet. denied) (citing Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity.")); *see id.* at 243 ("An appeal from an administrative agency is not a matter of right, it is set out by statute and must be strictly complied with in order to vest the district court with jurisdiction." (citation omitted)).

6

The record conclusively establishes that Perez did not bring this suit against the Board until 2016, well after the thirty-day statutory deadline for bringing suit for judicial review of the 2014 order. *See* Tex. Gov't Code § 2001.176. We also observe that "Texas law does not allow a party to avoid statutory jurisdictional prerequisites simply by including a constitutional claim." *Mosley v. Texas Health & Human Servs. Comm'n*, 517 S.W.3d 346, 354 (Tex. App.—Austin 2017, pet. filed); *see Texas Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 97 (Tex. App.—Austin 2009, pet. denied) (holding that person raising constitutional claim challenging agency order must comply with statute's jurisdictional requirements for bringing suit for judicial review of agency order); *HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) ("Alleging a constitutional violation or defect does not excuse a party from complying with applicable law, whether that law requires further administrative procedures or the filing of substantial evidence review appeals to preserve error."); *see also City of Dall. v. Stewart*, 361 S.W.3d 562, 579–80 (Tex. 2012) (citing *Kelsoe* for proposition that "a party making a constitutional claim must nonetheless comply with statutory prerequisites for judicial review"). Thus, Perez failed to comply with the statutory prerequisite of timely filing suit to confer jurisdiction on the trial court over his claims against the Board seeking relief from the 2014 order.

We further observe that Perez does not challenge the constitutionality or validity of the Texas Occupations Code sections addressing the Board's powers and duties, and he did not plead facts that would support a collateral attack of the 2014 order. "Collateral attacks upon an agency order may be maintained successfully on one ground alone—that the order is void." *Chocolate Bayou Water Co. & Sand Supply v. Texas Nat. Res. Conservation Comm'n*, 124 S.W.3d 844, 853

7

(Tex. App.—Austin 2003, pet. denied). (citation omitted)). "An agency order may be void in the requisite sense on either of two grounds: 1) the order shows on its face that the agency exceeded its authority, or 2) a complainant shows that the order was procured by extrinsic fraud." *Id.*; *see also Stewart*, 361 S.W.3d at 580 (noting that "even though [a constitutional] claim may be asserted for the first time in the district court upon appeal of the agency order, a failure to comply with the appeal deadlines and/or the failure to so assert the constitutional claim at that time, precludes a party from raising the issue in a separate proceeding" (quoting 1 Beal, Texas Administrative Practice & Procedure § 9.3.1[c])). The 2014 order recites that Perez "received all notice that may be required by law and by the rules of the Board"; he filed an answer but failed to appear for the contested case hearing; and, as a result, the Board resolved the case through its default proceedings. As the facts are recited in the order, the Board was acting within its express statutory authority. *See* Tex. Occ. Code § 204.301(a)(1) (authorizing Board to take disciplinary action, including revoking person's license); *see also id.* § 204.101(1)(C), (4) (authorizing Board to adopt rules to establish procedures for disciplinary actions and to discipline license holders, including by revoking license). Thus, the 2014 order is not void on its face such that it would be subject to collateral attack. Perez also did not plead facts that would support a collateral attack of the 2014 order based on extrinsic fraud.

Perez relies on his prior suit against the Texas Medical Board, *see Perez*, 2015 WL 8593555, at *1–2; section 16.064 of the Texas Civil Practice and Remedies Code; and section 2001.054(d) of the Texas Government Code to argue that his deadline for filing suit against the Board was "tolled." Neither cited statute, however, addresses or excuses a failure to comply with statutory prerequisites for judicial review of an administrative order. *See* Tex. Civ. Prac. & Rem.

8

Code § 16.064 (addressing tolling of applicable statute of limitations); Tex. Gov't Code § 2001.054(d) (addressing tolling of term or duration of license "during the period that the license is subjected to judicial review"); *Little v. Texas Bd. of Law Exam'rs*, 334 S.W.3d 860, 863 (Tex. App.—Austin 2011, no pet.) (following prior conclusion of court that tolling provision of section 16.064 of Civil Practice and Remedies Code did not apply to jurisdictional statutory prerequisite for bringing suit for judicial review of administrative decisions). Perez also has not cited, and we have not found, authority that would support his position that his prior suit against a separate state agency operated to "toll" the thirty-day deadline for bringing suit against the Board. *See Perez*, 2015 WL 8593555, at *2 (concluding that Texas Physician Assistant Board, and not Texas Medical Board, was "relevant state agency that Perez had to sue in order to invoke the district court's subject matter jurisdiction through APA Subchapter G").

Because Perez failed to comply with the statutory prerequisite of timely filing suit for judicial review of the 2014 order, we conclude that the trial court did not have jurisdiction to consider Perez's claims against the Board, including his claims based on constitutional violations and seeking injunctive relief from the 2014 order. *See* Tex. Gov't Code § 2001.176; *Stewart*, 361 S.W.3d at 579–80; *Jones*, 315 S.W.3d at 244 (concluding that trial court did not have jurisdiction to consider suit for judicial review because plaintiff failed to file suit within thirty-day deadline for doing so). On this basis, we conclude that the trial court did not err in granting appellees' plea to the jurisdiction with respect to Perez's claims against the Board.[5]

---

[5] Because we have concluded that the trial court did not have jurisdiction on this basis, we do not address the parties' other arguments concerning the trial court's jurisdiction over Perez's claims against the Board.

9

**Claims Against Bentley**

Perez purported to sue Bentley in her official and individual capacities. Based on our review of his pleadings, however, we conclude that the substance of Perez's claims were limited to claims against Bentley in her official capacity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 361–73, 377, & n.7 (Tex. 2009) (looking to "nature of the liability sought to be imposed" to determine if government official sued in personal or official capacity and comparing claims brought against government official in official capacity and those brought against official in individual capacity for damages against officer personally); *see also Sawyer Tr.*, 354 S.W.3d at 388 (considering underlying nature of claim to determine if sovereign immunity waived and observing that "sovereign immunity will bar an otherwise proper DJA claim that has the effect of establishing a right to relief against the State for which the Legislature has not waived sovereign immunity"); *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) ("It is fundamental that a suit against a state official [in his official capacity] is merely 'another way of pleading an action against the entity of which [the official] is an agent.'"); *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 425 (Tex. 2004) (concluding that board of adjusters members were discharging duties assigned to them even though later judicial decision established that board action was incorrect).

In his complaint, Perez alleged in a section that was titled "Violation of Ultra Vires Exception": "As shown hereinabove at all pertinent times Ms. Bentley acted without legal authority

10

and/or failed to perform a purely ministerial act."[6] As to factual allegations asserted against Bentley, he did not allege any act by her that was performed outside of her role as an officer of the Board. His complaint generally refers to the "defendants" or the "Board and Bentley" jointly when describing his allegations.

Although sovereign immunity would not bar a claim against Bentley in her official capacity for ultra vires actions in carrying out her duties, *see Houston Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 158 n.1 (Tex. 2016) ("[W]hen a governmental officer is sued for allegedly *ultra vires* acts, governmental immunity does not apply from the outset."); *Heinrich*, 284 S.W.3d at 371–73; *Utility Assocs.*, 517 S.W.3d at 308–09 (describing requirements for bringing ultra vires claims), Perez did not plead un-negated facts that would support such a claim. *See Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 77 (Tex. 2015) (stating "principle that claims against state officials—like all claims—must be properly pleaded in order to be maintained"); Tex. Occ. Code §§ 204.101(4) (including among general powers and duties of Board, authority to "deny, suspend, or revoke a license or otherwise discipline a license holder"); *see also Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 516 (Tex. App.—Austin 2010, no pet.) (noting that "if the claimant is attempting to restrain a state officer's conduct on the grounds that it is unconstitutional, it must allege facts that actually constitute a constitutional violation").

---

[6] As previously stated, the record reflects that Bentley signed the 2014 order as the Board's presiding officer.

11

Given our conclusion that the 2014 order is final and not subject to judicial review, Bentley cannot be acting ultra vires and no prospective relief is available at this juncture. *See Utilities Assocs.*, 517 S.W.3d at 309 (explaining "remedy must be prospective in nature—i.e., compelling legal compliance going forward, as opposed to awarding retrospective relief to remedy past violations"). On these bases, we conclude that the trial court did not err in granting appellees' plea to the jurisdiction with respect to Perez's claims against Bentley.[7]

## Conclusion

For these reasons, we affirm the trial court's final order and judgment granting appellees' plea to the jurisdiction and denying Perez's request for injunctive relief.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Pemberton, and Goodwin

Affirmed

Filed:   October 31, 2017

---

[7] As noted by appellees, the time for Perez to have pursued injunctive relief was in his suit for judicial review that he filed in 2014. Because we have concluded that Perez's un-negated factual pleadings did not demonstrate the trial court's subject matter jurisdiction, we do not address Perez's non-dispositive issues, such as his argument that the trial court was required to issue findings of fact and conclusions of law. *See* Tex. R. App. P. 47.1, 47.4.

12