# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00102-CV

**Martha Contreras, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-15-002365, THE HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The parties have filed a joint motion to remand this case to the Texas Department of Family and Protective Services based on the Texas Supreme Court's opinion in *Mosley v. Texas Health & Human Services Commission*, No. 17-0345, 2019 Tex. LEXIS 427 (Tex. May 3, 2019). The parties represent that the jurisdictional facts in this case are similar to the jurisdictional facts addressed in that case. Except for our disposition of the trial court's judgment, we grant the motion and remand the case to the Department.

Similar to the procedural posture of this case, Mosley did not file a motion for rehearing before seeking judicial review of an agency's final order after she received a letter from the agency representing that a motion for rehearing was not required; the trial court denied the agency's plea to the jurisdiction but affirmed its order on the merits; and this Court reversed and rendered judgment granting the plea to the jurisdiction and dismissing Mosley's suit. *See id.*

at *5–10 (discussing procedural history of case); *see also generally Mosley v. Texas Health & Human Servs. Comm'n*, 517 S.W.3d 346, (Tex. App.—Austin 2017), *rev'd in part by Mosley*, 2019 Tex. LEXIS 427. The Texas Supreme Court affirmed this Court's holding that the trial court lacked subject matter jurisdiction to consider Mosley's appeal but held that the agency violated Mosley's due-course-of-law rights because "the notice sent to Mosley and the regulation it quoted were so misleading as to prevent Mosley from filing the motion for rehearing that the APA requires." 2019 Tex. LEXIS 427, at *39. "Because 'the remedy for a denial of due process is due process,'" the Supreme Court reversed this Court in part and remanded Mosley's case to the agency to allow her the opportunity to file a motion for rehearing. *Id.* (quoting *University of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995)).

In their motion, the parties request that this Court affirm the trial court's judgment in part, reverse it in part, and remand the case to the Department. Based on the parties' representations, we grant the parties' joint motion except as to our disposition of the trial court's judgment. Because the trial court did not have jurisdiction over Contreras's suit, we vacate the trial court's judgment affirming the agency's final order. *See id.* at *39–40 (agreeing that "trial court lacked jurisdiction in the first place"). Consistent with the relief granted in *Mosley* and as requested by the parties, however, we remand the case to the Department and direct the Department to reinstate Contreras's administrative case to afford her an opportunity to seek rehearing of the order entered against her. *Id.* at *40 (directing commission "to reinstate Mosley's administrative case to afford her an opportunity to seek rehearing of the order entered against her, thus allowing her to seek judicial review by the district court anew should the commission deny her motion for rehearing").

2

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Vacated and Remanded on Joint Motion

Filed:   September 18, 2019